SEYFARTH SHAW LLP
Ryan McCoy (SBN 276026)
rmccoy@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

SEYFARTH SHAW LLP
Reiko Furuta (SBN 169206)
rfuruta@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:    (310) 277-7200
Facsimile:    (310) 201-5219

Attorneys for Defendant MAXIMUS
CONSULTING SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREA BARNES,<br><br>                    Plaintiff,<br><br>        v.<br><br>MAXIMUS CONSULTING SERVICES, INC.; and DOES 1 through 30; inclusive,<br><br>                    Defendants. | Case No. 5:25-cv-02108-KK-SP<br><br>**DEFENDANT MAXIMUS CONSULTING SERVICES, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>[Riverside County Superior Court Case No. CVPS2504251]<br><br>Date:    July 2, 2026<br>Time:    9:30 a.m.<br>Ctrm.:    3<br><br>Complaint Filed:  July 2, 2025<br>FAC Filed:  December 3, 2025<br>Trial Date:  None Set |

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR,
IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

326325841v.1

TO PLAINTIFF AUDREA BARNES AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 2, 2026, at 9:30 a.m., or as soon thereafter as the matter may be heard, in the above-captioned Court, in the Courtroom of the Honorable Kenly Kiya Kato, located at 3470 12th Street, 3rd Floor, Courtroom 3, Riverside, California 92501, Defendant Maximus Consulting Services, Inc. ("Defendant" or "Maximus") will and hereby does move this Court pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment as to all claims made by Plaintiff Audrea Barnes ("Plaintiff").

Defendant makes this motion on the grounds that there is no genuine issue of dispute as to any material fact and that Defendant is entitled to judgment as a matter of law.

In the alternative, if full summary judgment cannot be had, Defendant moves for partial summary judgment as to the following issues:

**Failure to Provide Meal Breaks**

1. Plaintiff's First Cause of Action for failure to provide meal breaks fails because she took her scheduled breaks on a regular basis and no one prevented her from reporting deviations from her scheduled breaks.

**Failure to Provide Rest Breaks**

2. Plaintiff's Second Cause of Action for failure to provide rest breaks fails because she took her scheduled breaks on a regular basis and no one prevented her from reporting deviations from her scheduled breaks.

**Failure to Provide Minimum, Regular and Overtime Wages**

3. Plaintiff's Third Cause of Action for failure to provide minimum, regular and overtime wages fails because Plaintiff was accurately compensated for all hours worked.

1

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

326325841v.1

**Failure to Provide to Pay Waiting Time Penalties**

4.    Plaintiff's Fourth Cause of Action for failure to pay waiting time penalties fails with her failed underlying wage and hour claims.

**Failure to Provide Accurate, Itemized Wage Statements**

5.    Plaintiff's Fifth Cause of Action for failure to provide accurate, itemized wage statements fails with her failed underlying wage and hour claims.

**Failure to Reimburse Business Expenses**

6.    Plaintiff's Sixth Cause of Action for failure to reimburse business expenses fails because Plaintiff cannot show the amount of any recoverable, necessary, unreimbursed business expense.

**Religious Harassment/Discrimination**

7.    Plaintiff's Seventh Cause of Action for Religious Discrimination fails because Plaintiff cannot meet her *prima facie* burden.

8.    Plaintiff's Seventh Cause of Action for Religious Discrimination fails because there were legitimate non-discriminatory reasons for the employment decisions, and there is no triable issue as to pretext.

9.    Plaintiff's Seventh Cause of Action for Harassment fails because Plaintiff cannot show any severe or pervasive harassing conduct.

**Failure to Accommodate Religious Beliefs/Violation of Workplace Religious Freedom Act**

10.    Plaintiff's Eighth Cause of Action for Failure to Accommodate Religious Beliefs/Violation of Workplace Religious Freedom Act fails because Defendant had a legitimate requirement to interact with customers in a neutral manner.

**Violation of FMLA/CFRA Protected Leave**

11.    Plaintiff's Ninth Cause of Action for Violation of FMLA/CFRA Protected Leave fails because Plaintiff was not denied her requested medical leave.

2

326325841v.1

**Disability/Medical Condition Discrimination**

12.    Plaintiff's Tenth Cause of Action for Disability/Medical Condition Discrimination fails because Plaintiff cannot meet her *prima facie* burden.

13.    Plaintiff's Tenth Cause of Action for Disability/Medical Condition Discrimination fails because there were legitimate non-discriminatory reasons for the employment decisions, and there is no triable issue as to pretext.

**Failure to Engage in the Interactive Process**

14.    Plaintiff's Eleventh Cause of Action for Failure to Engage in the Interactive Process fails because Plaintiff was not denied her requested medical leave.

**Failure to Accommodate Disability**

15.    Plaintiff's Twelfth Cause of Action for Failure to Accommodate Disability fails because Plaintiff was not denied her requested medical leave.

**Failure to Take Reasonable Steps to Prevent Harassment, Discrimination and Retaliation**

16.    Plaintiff's Thirteenth Cause of Action for Failure to Prevent Harassment, Discrimination and Retaliation fails with her failed underlying claims for harassment, discrimination and retaliation.

**Retaliation**

17.    Plaintiff's Fourteenth Cause of Action for Retaliation fails because Plaintiff cannot meet her *prima facie* burden.

**Wrongful Termination**

18.    Plaintiff's Fifteenth Cause of Action for Wrongful Termination fails with her failed underlying claims for harassment, discrimination and retaliation.

**Unfair Business Practices**

19.    Plaintiff's Sixteenth Cause of Action for Unfair Business Practices fails with her failed underlying wage and hour claims.

326325841v.1

**Failure to Produce Personnel File and Payroll Records**

20.    Plaintiff's Seventeenth Cause of Action for Failure to Produce Personnel and Payroll Records fails because there is no evidence Plaintiff made a request for the records.

**Punitive Damages**

21.    Plaintiff's Punitive Damages claim fails because she cannot show by clear and convincing evidence that an officer, director, or managing agent committed the conduct alleged.

22.    Plaintiff's Punitive Damages claim fails because she cannot establish fraudulent, oppressive, or malicious conduct with respect to any treatment of Plaintiff and/or decisions related to Plaintiff's employment.

**Economic and Emotional Damages**

23.    Plaintiff's Economic Damages claims fail because Plaintiff failed to mitigate her damages.

24.    Plaintiff's Emotional Damages claim fails because Plaintiff did not suffer any emotional distress.

Maximus's Motion is based on this Notice of Motion and Motion, and the concurrently filed Memorandum of Points and Authorities, Separate Statement, Appendix of Evidence, and the Declarations of Ruby Williams, Rebecca Kenawell, Ryan McCoy and Exhibits thereto, as well as the concurrently lodged [Proposed] Judgment, all other matters of which the Court may take judicial notice, and on such other and further evidence and argument as may be presented at or before the hearing on this matter.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 14, 2026.

4

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR,
IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

326325841v.1

DATED:  June 4, 2026              SEYFARTH SHAW LLP

                                 By:  _/s/ Ryan McCoy_
                                     Ryan McCoy
                                     Reiko Furuta
                                     Attorneys for Defendant
                                     MAXIMUS CONSULTING SERVICES, INC.

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR,
IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

326325841v.1