SEYFARTH SHAW LLP
Ryan McCoy (SBN 276026)
rmccoy@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:   (415) 397-2823
Facsimile:   (415) 397-8549

SEYFARTH SHAW LLP
Reiko Furuta (SBN 169206)
rfuruta@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendant MAXIMUS
CONSULTING SERVICES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREA BARNES,<br><br>Plaintiff,<br><br>v.<br><br>MAXIMUS CONSULTING SERVICES, INC.; and DOES 1 through 30; inclusive,<br><br>Defendants. | Case No. 5:25-cv-02108-KK-SP<br><br>**DEFENDANT MAXIMUS CONSULTING SERVICES, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>[Riverside County Superior Court Case No. CVPS2504251]<br><br>Date:   July 16, 2026<br>Time:   9:30 a.m.<br>Ctrm.:   3<br><br>Complaint Filed:  July 2, 2025<br>FAC Filed:  December 3, 2025<br><br>Trial Date:  None Set |

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES
ISO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

326656428v.2

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   PLAINTIFF HAS FAILED TO MEET HER BURDEN ON ANY CLAIM ....... 1

    A.    Plaintiff Fails To Create A Triable Issue Of Fact On Her Discrimination Claims (Seventh and Tenth Claims) ................................. 2

        1.    Plaintiff Failed To Establish a *Prima Facie* Case .......................... 2

        2.    Plaintiff Failed To Provide "Specific" And "Substantial" Evidence Of Pretext As To The Adverse Employment Action ........ 3

    B.    Plaintiff Fails To Create A Triable Issue Of Fact On Her Retaliation Claim (Fourteenth Claim) ................................................ 4

    C.    Plaintiff Fails To Create A Triable Issue Of Fact On Her Harassment Claim (Seventh Claim) ............................................... 4

    D.    Plaintiff Fails To Create A Triable Issue Of Fact On Her FMLA/CFRA Claim (Ninth Claim) .......................................................... 5

    E.    Plaintiff Fails To Create A Triable Issue Of Fact On Her Accommodation and Interactive Process Claims (Eight, Eleventh And Twelfth Claims) ................................................................ 7

    F.    Plaintiff Fails To Create A Triable Issue Of Fact On Her Personnel File and Payroll Record Claim (Seventeenth Claim) ................................. 8

    G.    Plaintiff Fails To Create A Triable Issue Of Fact On Her Labor Code Wage Claims (First Through Sixth Claims, Sixteenth Claim) .......... 9

        1.    Plaintiff Does Not Address The Off The Clock And Overtime Claim In Her Opposition ................................................ 9

        2.    Plaintiff's Meal And Rest Break Claims Are Subject to Dismissal ................................................................ 9

        3.    Plaintiff's Expense Reimbursement Claims Are Also Subject To Summary Judgment ................................................................ 10

    H.    Plaintiff Fails To Create A Triable Issue Of Fact On Her Derivative Claims (Fourth, Fifth, Thirteenth, Fifteenth, and Sixteenth Claims) ........ 11

    I.    Plaintiff Does Not Refute That Punitive Damages Fail Because No Managing Agent Of Maximus Acted With Malice, Oppression, Or Fraud ................................................................ 11

    J.    Plaintiff Does Not Refute That Her Damages Claims Are Barred Or Materially Limited ................................................................ 12

i

III.    CONCLUSION ...........................................................................................................12

ii

326656428v.2

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Cleveland v. Policy Mgmt. Sys. Corp.*,
526 U.S. 795 (1999)..................................................................................1

*Kather v. Asante Health Sys.*,
No. 1:22-cv-1842, 2023 WL 4865533 (D. Or. July 28, 2023)............................8

*Kennedy v. Allied Mut. Ins. Co.*,
952 F.2d 262 (9th Cir. 1991) .................................................................6

*Lewis v. Philip Morris Inc.*,
355 F.3d 515 (6th Cir. 2004) .................................................................3

*Marshall on Behalf of Marshall v. East Carroll Parish Hosp. Serv. Dist.*,
134 F.3d 319 (5th Cir. 1998) .................................................................3

*Nat'l Steel Corp. v. Golden Eagle Ins. Co.*,
121 F. 3d 496 (9th Cir. 1997) .................................................................1

*Radobenko v. Automated Equipment Corp.*,
520 F.2d 540 (9th Cir. 1975) .................................................................6

**State Cases**

*Green v. State of California*,
42 Cal. 4th 254 (2007) ..........................................................................2

*Hersant v. Dept. of Social Servs.*,
57 Cal. App. 4th 997 (1997) .................................................................3

*Mixon v. Fair Employment & Housing Comm'n*,
102 Cal. App. 3d 1306 (1987) .................................................................2

*Reeves v. Safeway Store, Inc.*,
121 Cal. App. 4th 95 (2004) .................................................................4

*Yanowitz v. L'Oreal USA, Inc.*,
36 Cal. 4th 1028 (2005) ........................................................................3

iii

**Federal Statutes**

Family and Medical Leave Act...............................................................................6

**State Statutes**

Cal. Civ. Code § 3294(b) ....................................................................................11

Cal. Labor Code § 226(c) .....................................................................................9

Cal. Labor Code § 1198.5(b)(1)............................................................................9

**Rules**

Fed. R. Civ. P. § 56(c) ....................................................................................2, 4

Fed. R. Civ. P. § 56(e)(2)................................................................................2, 4, 7

iv

326656428v.2

## I.    INTRODUCTION

Plaintiff Audrea Barnes's ("Plaintiff") Opposition fails to raise any genuine issues of material fact that would preclude Defendant Maximus Consulting Services, Inc.'s ("Maximus") motion for summary judgment ("Motion").

The Opposition is notable for what it does not do: it does not meaningfully address Plaintiff's own sworn deposition testimony, it does not controvert key facts set forth in Maximus's Separate Statement, and it does not offer admissible evidence sufficient to create a triable issue. Instead, Plaintiff submits a new, contradictory declaration that conflicts with her prior sworn testimony and relies on unsupported statements attributed to co-workers and managers whom she never deposed.

A party cannot create a genuine issue of fact by submitting a declaration that contradicts prior deposition testimony without explanation, and Plaintiff's declaration should therefore be disregarded to the extent it conflicts with her prior sworn testimony. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999).

With the contradictory declaration set aside, Plaintiff's arguments are largely conclusory and do not create a triable issue of fact. Nor does Plaintiff meaningfully dispute the material facts showing that: (1) she was selected for termination through a company-wide reduction in force based on objective criteria; (2) Maximus approved her requested medical leave; and (3) many of her current assertions are inconsistent with her own prior testimony. On this record, no reasonable jury could find in Plaintiff's favor, and the Court should grant Maximus's Motion.

## II.    PLAINTIFF HAS FAILED TO MEET HER BURDEN ON ANY CLAIM

Plaintiff fails to provide competent evidentiary support for her claims and instead offers conclusory allegations without factual support. *See Nat'l Steel Corp. v. Golden Eagle Ins. Co.*, 121 F. 3d 496, 502 (9th Cir. 1997) ("Conclusory allegations of collusion, without factual support, are insufficient to defeat summary judgment."). Failure to address an argument on summary judgment is equivalent to an admission.

1

*See* Fed. R. Civ. P. § 56(e)(2) (if the opposing party fails to address the moving party's assertions of fact as required by Fed. R. Civ. P. § 56(c), the court may consider the moving party's facts undisputed (i.e., deemed admitted)). As set forth below, Plaintiff either fails to dispute Maximus's material facts, fails to offer admissible evidence, or both. Those failures are especially significant where Plaintiff's present assertions conflict with her own prior sworn testimony. On the summary judgment record, Plaintiff has not carried her burden to show a triable issue on any claim.

> **A.    Plaintiff Fails To Create A Triable Issue Of Fact On Her Discrimination Claims (Seventh and Tenth Claims)**

> **1.    Plaintiff Failed To Establish a *Prima Facie* Case**

To establish a *prima facie* case of discrimination, Plaintiff bears the burden to establish some indicia of a discriminatory motive. *Green v. State of California*, 42 Cal. 4th 254 (2007). "To prevail under the disparate treatment theory, an employee must show that the employer harbored a discriminatory intent." *Mixon v. Fair Employment & Housing Comm'n*, 102 Cal. App. 3d 1306, 1316 (1987). Plaintiff "must at least show actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were based on a discriminatory criterion." *Id.*

As a threshold matter, Plaintiff offers no evidence to dispute Maximus's legitimate, non-discriminatory reason for the reduction in force, namely a lack of work. In fact, Plaintiff testified in her deposition that she has "*no evidence to disprove*" that lack of work was the reason for her termination. (Motion 10:14-18; Plaintiff's Separate Statement ("PSS") 46 and 48.) In Plaintiff's Separate Statement, Plaintiff **does not dispute** Maximus's assertion that she cannot identify *any* discriminatory statements, actions or conduct linking her religion or disability to her termination and offers no evidence in support of her position. (PSS 46.) Nor does she dispute that she *lacks any evidence* that her termination was based on anything other than lack of work. (PSS 48.)

2

326656428v.2

Accordingly, Plaintiff has not made the requisite *prima facie* showing to sustain her discrimination claims.

### 2. Plaintiff Failed To Provide "Specific" And "Substantial" Evidence Of Pretext As To The Adverse Employment Action

Even if Plaintiff could establish a *prima facie* case of discrimination (which she cannot), to evade summary judgment, Plaintiff must still show—through "specific and substantial evidence"—that Maximus's legitimate, nondiscriminatory reason for the adverse employment action is pretextual. *See Hersant v. Dept. of Social Servs.*, 57 Cal. App. 4th 997, 1002-03 (1997); *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005) (a plaintiff can survive summary judgment only if she produces "specific" and "substantial evidence of pretext" showing a genuine factual issue for trial). Conclusory statements are insufficient to show pretext. *Marshall on Behalf of Marshall v. East Carroll Parish Hosp. Serv. Dist.*, 134 F.3d 319, 324 (5th Cir. 1998) (evidentiary facts are required to support or oppose a summary judgment motion while conclusory statements are not sufficient); *Lewis v. Philip Morris Inc.*, 355 F.3d 515, 533 (6th Cir. 2004) (nonmovant must point to "more than mere speculation, conjecture or fantasy").

In her Opposition, Plaintiff offers no evidence to support her claim that Maximus's stated reason for her termination was pretextual, let alone the "specific and substantial" evidence required to create a triable issue. Instead, Plaintiff merely repeats the allegations in her Complaint and simply asserts, without evidentiary support, that her termination as part of the reduction in force was pretextual (Opp. 6:8-9) Plaintiff identifies no evidence disputing that her selection resulted from the company-wide RIF based on consistently applied criteria, under which she ranked among the lowest based on performance and tenure. (PSS 49.) She also offers no evidence challenging that the RIF criteria were predetermined, uniformly applied, and did not include consideration of religion, disability, leave status, or complaint history. (PSS 50.) Nor does she identify any comparator evidence, any inconsistency in the scoring process, or any

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES
ISO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

326656428v.2

record evidence suggesting that the stated reason was not the real reason. Absent such evidence, Plaintiff cannot carry her burden to show pretext. Because Plaintiff fails to properly dispute these material facts as required by Fed. R. Civ. P. § 56(c), the Court may deem them **undisputed** and grant summary judgment in Maximus's favor. *See* Fed. R. Civ. P. § 56(e)(2).

### B. Plaintiff Fails To Create A Triable Issue Of Fact On Her Retaliation Claim (Fourteenth Claim)

To establish a *prima facie* case of retaliation, Plaintiff bears the burden to establish a causal connection between her alleged protected activities and her termination. *Reeves v. Safeway Store, Inc.*, 121 Cal. App. 4th 95, 108 (2004). Plaintiff again offers only the conclusory assertion that she "satisfied all three elements" without providing a single piece of evidence, instead merely reciting the elements of a *prima facie* case. (Opp. 6:17-21.)

Critically, Plaintiff **does not dispute** that she has *no* evidence that any protected activity played any role in the decision to terminate her employment. (PSS 56.) She likewise offers no evidence to challenge that Plaintiff's performance review, which was the key input into the retention credit score, was completed more than two months before Plaintiff went on leave; that the RIF process did not consider protected complaints or leave status; and that the performance review underlying Plaintiff's ranking evaluates standard performance factors and contains no indication that any protected activity played any role in determining her score. (PSS 57-60.) Absent any evidence of causation, Plaintiff cannot establish a prima facie case of retaliation, and no reasonable jury could find otherwise on this record. Accordingly, the Court may deem Maximus's material facts as **undisputed** and dismiss Plaintiff's claim. *See* Fed. R. Civ. P. § 56(e)(2).

### C. Plaintiff Fails To Create A Triable Issue Of Fact On Her Harassment Claim (Seventh Claim)

Maximus's Motion sets forth why, based on Plaintiff's own deposition

4

326656428v.2

testimony, Plaintiff cannot show that the alleged harassing action was sufficiently severe or pervasive to alter the conditions of her employment. In response to Maximus's points and authorities, Plaintiff's Opposition does not engage with this showing and instead merely recites the elements of a harassment claim, asserts that Mr. Allen disciplined Plaintiff for saying "Merry Christmas" at work (during a team meeting), and claims that "all other requirements have been met," without evidentiary support. (Opp. 6:25-7:7.) Plaintiff **does not dispute** that she could not recall any communications with Mr. Allen about saying "Merry Christmas" after the team meeting except for a call immediately after the meeting. (PSS 62.) Nor does Plaintiff dispute that she has no idea whether Mr. Allen had similar conversations with other employees about their use of "Merry Christmas" as a greeting. (PSS 64.) She also identifies no pattern of conduct, no repeated incidents, and no evidence of interference with her work performance or working conditions. She provides *no* argument or evidence from which a reasonable jury could find Mr. Allen's conduct was objectively or subjectively severe or pervasive.  On this record, no reasonable jury could conclude that the alleged conduct meets the governing standard. Because Plaintiff fails to present evidence creating a genuine dispute of material fact, the Court may deem these facts undisputed and grant summary judgment in Maximus's favor.

### D.   Plaintiff Fails To Create A Triable Issue Of Fact On Her FMLA/CFRA Claim (Ninth Claim)

Plaintiff claims that she can prove that Maximus wrongfully denied some of her requests for extended protected leave. (Opp. 7:11-13.) But the only "evidence" Plaintiff offers to contradict her own sworn testimony is a self-serving declaration that directly conflicts with her prior statements under oath. In her deposition, Plaintiff unequivocally admitted that Maximus granted all of her leave requests and that she took all of the leave she requested; yet in her later declaration, she reverses course and claims, without any corroborating evidence, that a supposed computer error in June

5

326656428v.2

2023 resulted in a denial. (PSS 66.) At the same time, Plaintiff does not dispute that Maximus approved her requests for medical leave each time she made them. (PSS 69.) And, Plaintiff explicitly admitted in her deposition, again in direct contradiction to her declaration, that she requested FMLA leave on May 5, 2023 due to a slip-and-fall injury, and that she "was on FMLA leave the entire period" from May 2023 until her termination of employment in August 2023. (PSS 66 ("Q: You were on FMLA leave the entire period of time from May of 2023 until you were included in the reduction in force in August of 2023; is that right? A: Yes.").) These sworn admissions cannot be reconciled with her later declaration suggesting that any leave request was denied, and confirm that her declaration is a wholesale departure from her prior testimony.

That irreconcilable contradiction has legal consequences, and Plaintiff's declaration must be disregarded to the extent it conflicts with her prior sworn testimony and cannot be used to manufacture a dispute of fact where none exists. A party opposing summary judgment cannot create an issue of fact through a declaration that contradicts prior deposition testimony without explanation. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."); *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 543-44 (9th Cir. 1975) ("[I]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact").

Here, Plaintiff offers no explanation—let alone a credible one—for the stark inconsistency between her deposition testimony and her declaration. Her attempt to rely on conclusory, self-serving statements that directly contradict her sworn testimony is insufficient as a matter of law, and cannot defeat summary judgment as to whether Plaintiff was improperly denied protected leave.

6

Moreover, although Plaintiff alleges that Maximus violated her CFRA rights by terminating her employment (Opp. 7:14-15), she once more identifies no evidence disputing that her position was eliminated as part of a broader reduction in force, rather than for any reason related to her exercise of protected CFRA rights. (PSS 67.) As with her other claims, Plaintiff relies solely on unsupported, conclusory assertions, which are insufficient to create a genuine dispute of material fact. Because Plaintiff continues to offer no evidence establishing causation or otherwise rebutting Maximus's stated reason for her termination, the Court may deem these facts undisputed and grant summary judgment in Maximus's favor. *See* Fed. R. Civ. P. § 56(e)(2).

### E. Plaintiff Fails To Create A Triable Issue Of Fact On Her Accommodation and Interactive Process Claims (Eight, Eleventh And Twelfth Claims)

For her disability accommodation and interactive process claims, Plaintiff again repeats the same unsupported argument that her requests for extension of leave were denied on several occasions. (Opp. 7:24-26.) As set forth above, Plaintiff **does not dispute** that Plaintiff's medical leave (including requests for extension of that leave) was approved by Maximus upon her request. (PSS 69.)  Despite bearing the burden to come forward with evidence, Plaintiff points to none. She took no depositions, identifies no documents, and relies entirely on her own declaration—which, as discussed above, directly contradicts her prior sworn deposition testimony.  (PSS 66.) This is insufficient as a matter of law. Conclusory assertions, particularly those that contradict prior sworn testimony, cannot create a triable issue of fact and must be disregarded.

For her failure to accommodate religious beliefs claim, Plaintiff again provides *no* argument supported by evidence to refute that Maximus had a legitimate, client-driven requirement to communicate in a neutral manner and avoid sectarian greetings when interacting with customers. (PSS 71.) Instead, she relies on the same pattern of unsupported assertions that pervades her Opposition.

7

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES
ISO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

326656428v.2

With respect to Plaintiff's claim that she was prohibited from sectarian greetings with coworkers, it is simply not true. Plaintiff testified at deposition that she was not disciplined for saying "Merry Christmas." (PSS 31, 63). Nor does she have any knowledge as to whether her supervisor had conversations with other employees about their use of "Merry Christmas" as a greeting. (PSS 64.) And, in any event, Maximus had no obligation to provide an accommodation under these circumstances, since her request to say "Merry Christmas" or "God bless" in the work setting does not amount to significant religious beliefs or practices that meaningfully impacted Plaintiff's work schedule or conduct. Saying "Merry Christmas" or "God bless" are merely brief, routine greetings in the workplace that do not warrant special accommodation. *Kather v. Asante Health Sys.*, No. 1:22-cv-1842, 2023 WL 4865533, at *5 (D. Or. July 28, 2023) ("[V]ague expressions of sincerely held Christian beliefs alone cannot serve as a blanket excuse for avoiding all unwanted employment obligations."). Plaintiff's religious accommodation request instead represents mere personal preferences in how she greets others, not a religious practice that requires accommodation under FEHA. Because Plaintiff offers no evidence of a qualifying religious conflict or a failure to accommodate, no reasonable jury could find in her favor. Summary judgment is warranted on this claim as well.

### F.    Plaintiff Fails To Create A Triable Issue Of Fact On Her Personnel File and Payroll Record Claim (Seventeenth Claim)

Plaintiff contends that her counsel requested a copy of her personnel file and payroll records on April 23, 2025. (Opp. 8:25-28.) However, the only evidence she offers in support is a letter that she claims was sent by certified mail. Plaintiff provides no tracking information, proof of delivery, or any other evidence that the letter was actually received by Maximus. (PSS 74.) This omission is particularly telling given that certified mail, by its nature, generates tracking records and delivery confirmation. Plaintiff's failure to produce any such documentation underscores the lack of evidence

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES
ISO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

326656428v.2

that the request was ever received.

This absence of any proof of receipt is dispositive. Under Labor Code Secs. 226(c) and 1198.5(b)(1), an employer's obligation to produce payroll and personnel records arises only upon receipt of the request.

Absent evidence of receipt, Plaintiff cannot establish that Maximus had any statutory obligation to respond. On this undisputed record, no reasonable jury could find a violation, and this claim fails as a matter of law.

### G.    Plaintiff Fails To Create A Triable Issue Of Fact On Her Labor Code Wage Claims (First Through Sixth Claims, Sixteenth Claim)

#### 1.    Plaintiff Does Not Address The Off The Clock And Overtime Claim In Her Opposition

Maximus's Motion establishes that Plaintiff's off the clock and overtime claims have no merit because Plaintiff's own deposition testimony shows she was accurately compensated for all hours worked. For example, she admitted in her deposition that she was compensated for the time she spent working because she completed her timesheets and stated "I believe I was compensated for time I spent working, because I did my timesheets. . . . I do believe I was compensated for work for that time." (Motion 19:9-15, PSS 78.) Plaintiff fails to address either of her claims in her Opposition, much less adequately counter her admission in her deposition that she was paid for all her work time. She instead provides a contradictory single statement in her Declaration about her overtime compensation, which cannot be used to replace her prior deposition testimony, let alone create a triable issue of fact. (PSS 78.)

#### 2.    Plaintiff's Meal And Rest Break Claims Are Subject to Dismissal

Plaintiff's argument regarding her meal and rest break claims in her Opposition consists entirely of a single sentence: "Plaintiff has further alleged that she was not provided her legally required 30-minute meal breaks or 10-minute rest breaks." (Opp. 9:7-8.) This single allegation is hardly sufficient to challenge Maximus's argument and

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES
ISO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

326656428v.2

evidence that Plaintiff's meal and rest break claims are meritless, or create a triable issue of fact on these claims. Likewise, Plaintiff **does not dispute** that when she was unable to take a scheduled meal period, she captured the deviations in an exception report that was required to be submitted on each occurrence. (PSS 80-81.) She further **does not dispute** that she clocked out for her scheduled meal period and would take at least 30 minutes for her meal period. (PSS 82.) Finally, she fails to provide *any* evidence to refute that she knew how to use the exception report and submitted the exceptions. (PSS 84.)

### 3. Plaintiff's Expense Reimbursement Claims Are Also Subject To Summary Judgment

Plaintiff **does not dispute** that she automatically received monthly expense reimbursements for internet use for a portion of her employment, and that she did not submit any requests for unpaid reimbursements for internet, electricity or computer expenses prior to the automatic payments. (PSS 89-90 ("Later on in my employment, they started sending us monthly checks for Internet . . ."  Q: [D]id you request reimbursement of your Internet costs from Maximus at any point?  A: No.").) Accordingly, she has no colorable claim for these specific expenses.

Plaintiff also fails to raise a triable issue of fact as to her computer expenses. She claims in her Declaration that she was required by Maximus to purchase a computer and that she did not use the computer for personal purposes. (PSS 86-88.) However, this is in direct contradiction to her original deposition testimony that she had a personal laptop she could have used for work, had it been working, and that she still uses the computer she purchased for email and surfing the Internet. (PSS 86-87.) As set forth above, her self-serving statements in her Declaration are inadequate to create an issue of fact in an attempt to defeat summary judgment. Accordingly Plaintiff's expense reimbursement claim must fail.

10

326656428v.2

**H.    Plaintiff Fails To Create A Triable Issue Of Fact On Her Derivative Claims (Fourth, Fifth, Thirteenth, Fifteenth, and Sixteenth Claims)**

Plaintiff's derivative claims of failure to prevent wrongful termination, wage statement penalties, waiting time penalties, and unfair competition rise and fall with the underlying claims discussed above. Because Plaintiff has failed to create a triable issue of fact as to any of those underlying claims, these derivative claims necessarily fail as well.

Plaintiff offers no independent basis or evidence to sustain these claims apart from the same allegations already addressed above. Accordingly, and because the underlying claims do not survive summary judgment, these derivative claims fail as a matter of law.

**I.    Plaintiff Does Not Refute That Punitive Damages Fail Because No Managing Agent Of Maximus Acted With Malice, Oppression, Or Fraud**

Plaintiff offers no evidence to support an award of punitive damages, which require clear and convincing proof of malice, oppression, or fraud by an officer, director, or managing agent. Civ. Code § 3294(b).

Critically, Plaintiff does not dispute Maximus's evidence that neither Mr. Allen nor the HR representatives involved in the termination decision were officers, directors, or managing agents of the Company. (PSS 91.) Plaintiff submits no contrary evidence and does not address this issue in her Opposition. These facts are therefore undisputed.

Absent evidence that a managing agent engaged in conduct meeting the statutory standard, Plaintiff's claim for punitive damages fails as a matter of law. On this record, no reasonable jury could find otherwise, and summary judgment on punitive damages is warranted.

11

326656428v.2

**J.    Plaintiff Does Not Refute That Her Damages Claims Are Barred Or Materially Limited**

Plaintiff's Opposition does not address her obligation to mitigate her economic damages by exercising reasonable diligence to seek comparable employment. (Opp. 10:12-16.) Nor does Plaintiff offer *any* evidence that she sought alternative work. (PSS 92-93.) Instead, the undisputed record reflects that Plaintiff made no effort to obtain other work following her separation because she has not been physically able to work and has not been released to work by a physician. (PSS 93.)

Plaintiff's own testimony further underscores the absence of any basis to excuse this failure. Although she states in her Declaration that she lacked financial resources to seek treatment, she admits that she saw 12 doctors since leaving Maximus and did not seek treatment for any emotional or mental issues. (PSS 94.) Moreover, Plaintiff testified that she had medical insurance from the time her employment was terminated at Maximus up to the present. (Pl. Depo. 40:19-41:5, 9-17.)

On this record, Plaintiff has neither disputed Maximus's evidence nor produced any admissible evidence to support mitigation. These facts are therefore undisputed and independently warrant summary judgment or, at a minimum, a substantial limitation on damages.

## III.    CONCLUSION

For the foregoing reasons, as well as those set forth in its moving papers, Maximus respectfully requests that this Court grant its Motion in its entirety. Plaintiff has not offered admissible evidence sufficient to create a genuine dispute of material fact, and her effort to rely on assertions that conflict with her own prior sworn testimony does not change that result.

326656428v.2

DATED:  June 18, 2026          SEYFARTH SHAW LLP

By:  */s/ Ryan McCoy*
    Ryan McCoy
    Reiko Furuta
    Attorneys for Defendant
    MAXIMUS CONSULTING SERVICES, INC.


## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Maximus Consulting Services, Inc., certifies that this brief contains 3,984 words, which complies with the word limit of L.R. 11-6.1.

DATED:  June 18, 2026          SEYFARTH SHAW LLP

By:  */s/ Ryan McCoy*
    Ryan McCoy
    Reiko Furuta
    Attorneys for Defendant
    MAXIMUS CONSULTING SERVICES, INC.

DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES
ISO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

326656428v.2