SEYFARTH SHAW LLP
Ryan McCoy (SBN 276026)
rmccoy@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:   (415) 397-2823
Facsimile:   (415) 397-8549

SEYFARTH SHAW LLP
Reiko Furuta (SBN 169206)
rfuruta@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendant MAXIMUS
CONSULTING SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREA BARNES,<br><br>                    Plaintiff,<br><br>     v.<br><br>MAXIMUS CONSULTING SERVICES, INC.; and DOES 1 through 30; inclusive,<br><br>                    Defendants. | Case No. 5:25-cv-02108-KK-SP<br><br>**DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF AUDREA BARNES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Riverside County Superior Court Case No. CVPS2504251]<br><br>Date:   July 16, 2026<br>Time:   9:30 a.m.<br>Ctrm.:   3<br><br>Complaint Filed:  July 2, 2025<br>FAC Filed:  December 3, 2025<br><br>Trial Date:  None Set |

Defendant Maximus Consulting Services, Inc. submits its Evidentiary Objections to Declaration of Audrea Barnes (Dkt. 39) submitted in opposition to Defendant's Motion for Summary Judgment, and requests that the Court rule on its objections.

## I.    GENERAL GROUNDS

### A.    Declarations Submitted In Opposition To A Motion For Summary Judgment Cannot Contradict Prior Deposition Testimony

As a matter of law, a plaintiff cannot submit witness declarations that contradict the witnesses's own prior deposition testimony, in order to attempt to defeat summary judgment. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."); *see also, Foster v. Arcata Associates*, 772 F.2d 1453, 1462 (9th Cir. 1985), *cert. denied*, 475 U.S. 1048 (1986); *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 543-44 (9th Cir. 1975) ("[I]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.").

### B.    Declarations Submitted In Opposition to A Motion For Summary Judgment Must Be Based Solely Upon Personal Knowledge

A declaration is inadmissible unless it is based upon the declarant's own personal knowledge. Fed. R. Civ. Proc. 56(c)(4) ("an affidavit or declaration used to support or oppose a motion for summary judgment must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is or declarant is competent to testify on the matters stated."); Civ. L.R. 7-7. Speculations and conclusions cannot create a disputed issue. *See, e.g., Streckl v. Motorola*, 703 F.2d 392, 393 (9th Cir. 1983) (opposition to a summary judgment motion must include "specific facts;" mere allegations of wrongful motive, without

1

substantial factual evidence are insufficient) (citations omitted); *Zeinali v. Raytheon Co.*, 2011 WL 2669459 at *4 (S.D. Cal., July 7, 2011) (granting summary judgment for employer and noting, "It is axiomatic that a 'conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

### C. Matters First Identified In Plaintiff's Declaration Cannot Be Used To Oppose A Motion for Summary Judgment

It is well-settled that the "issues on summary judgment are framed by the Complaint." *Cole v. CRST, Inc.*, 150 F. Supp. 3d 1163, 1169 (C.D. Cal. 2015) (citing *Rodriguez v. Countrywide Homes*, 668 F.Supp. 2d 1239 (E.D. Cal. 2009)). Since "the issues in the complaint guide the parties during discovery and put the defendant on notice of what evidence is necessary to defend against the allegations," courts routinely hold that a plaintiff cannot oppose summary judgment based on a new facts "because it would essentially blindside the defendant with a new legal issue after the bulk of discovery has likely been completed." *Id.* (citations omitted); *see also Pena v. Taylor Farms Pac., Inc.*, No. 2:13-CV-01282-KJM-AC, 2014 WL 1330754, at *4 (E.D. Cal. Mar. 28, 2014) ("Nonetheless, the court finds an argument based on new factual bases, akin to one based on new legal theories, to be improperly raised on summary judgment.").

### D. Declarations Submitted in Opposition To A Motion For Summary Judgment Cannot Contain Legal Or Factual Conclusions Which Lack Foundation

Evidentiary facts are required for declarations in opposition to a motion for summary judgment. Fed. R. Civ. Proc. 56(c)(4); Civ. L. R. 7-7. Mere conclusions of law are not sufficient. *See e.g., British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (legal argument cannot establish an admissible fact or create an issue of fact for purposes of summary judgment) *cert. denied*, 440 U.S. 981 (1979); *Mitchell v. Peralta Community College Dist.*, 766 F. Supp. 834, 841 n.9 (N.D. Cal. 1991) ("the

2

court cannot evaluate the significance [of the evidence] because [it] lacks foundation.").

### E.    Declarations Submitted In Opposition To A Motion For Summary Judgment Cannot Contain Irrelevant Statements Or Opinions

Irrelevant evidence is inadmissible.  *See, e.g.,* Fed. R. Evid. 401, 402; *Beyene v. Coleman Security Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988) ("It is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment."). Likewise, subjective statements of intent or opinion likewise are inadmissible because such statements are mere conclusions. *See, e.g., Gonzales v. MetPath, Inc.*, 214 Cal. App. 3d 422, 429, 262 (1989) ("all plaintiff was prepared to offer [to defeat summary judgment] was . . . her opinion . . . [and] [t]he trial court correctly found this evidence insufficient as a matter of law").

Plaintiff's evidence does not raise a triable issue as to pretext and is therefore irrelevant and inadmissible. *See Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 779 (9th Cir. 2010) ("Federal Rule of Civil Procedure 56(e)(2)" requires a party to "set out specific facts showing a genuine issue for trial."). Pretext is not based on whether Plaintiff's conduct was excusable in her own view, the only issue is whether any reasons for actions by Maximus were pretext to cover up an unlawful purpose.  *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 361 (2000) ("the great weight of federal and California authority holds that an employer is entitled to summary judgment if, considering the employer's innocent explanation for its actions, the evidence as a whole is insufficient to permit a rational inference that the employer's actual motive was discriminatory.").

//

//

//

//

///

3

**Evidentiary Objections to Audrea Barnes's Declaration**

| Evidence | Objection | Ruling |
|---|---|---|
| 1.    I have never seen a Maximus Call Center as I worked from home, so I am unsure and unaware of what discussions were made at its Call Centers.<br><br>Barnes Decl. ¶ 2. | Irrelevant:  This statement is not helpful to the trier of fact in proving or disproving any material fact at issue in this case.  Fed. R. Evid. 401, 402. | ☐Sustained<br>☐Overruled |
| 2.    Maximus apparently conflates its purported written "Overtime Policy" with the actual policy that it implemented as it failed to provide me with overtime compensation when I changed to an hourly non-exempt position on 11/14/22.<br><br>Barnes Decl. ¶3. | Lacks Foundation/Personal Knowledge:  Plaintiff fails to establish specific facts to support this conclusory statement.  Fed. R. Civ. Proc. 56(c)(4); Civ. L. R. 7-7; Fed. R. Evid. 602.<br><br>Inadmissible Opinion:  This statement constitutes impermissible opinion testimony. Fed. R. Evid. 701. | ☐Sustained<br>☐Overruled |
| 3.    Maximus did not want its Call Center employees logging overtime from lunch and breaks on their timesheets. They created about seven (7) different internal online forms to log exception reporting overtime. Maximus designed these online forms to populate as an input and an employee could not print these forms because they were forms to be submitted online for internal use and records.<br><br>Barnes Decl. ¶ 4. | Contradicts Sworn Deposition Testimony: Plaintiff testified the following:  Plaintiff was trained that she was required to accurately record hours worked as an hourly employee.  Pl. Depo. 81:2-6.  Plaintiff was required to record any deviations from her scheduled meal and rest breaks on an exception sheet. Pl. Depo. 81:9-25; 82:11-15. Maximus maintained a mechanism to report those deviations and Plaintiff knew how to use it, and in fact submitted the exceptions. Pl. Depo. 81:9-25; 82:9-15.<br><br>A plaintiff cannot submit witness declarations that contradict the witnesses's own prior deposition testimony, in order to attempt to defeat summary judgment. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). | ☐Sustained<br>☐Overruled |
| 4.    I was not required to immediately verify that I was paid | Lacks Foundation/Personal Knowledge:  Plaintiff fails to | ☐Sustained |

4

| Evidence | Objection | Ruling |
|---|---|---|
| correctly for all regular and overtime hours.<br><br>Barnes Decl. ¶ 5. | establish specific facts to support this conclusory statement.  Fed. R. Civ. Proc. 56(c)(4); Civ. L. R. 7-7; Fed. R. Evid. 602. | ☐Overruled |
| 5.     Several times supervisors at Maximus told its employees including me to not get off a call with a customer / client until it was completed.<br><br>Barnes Decl. ¶ 6. | <u>Lacks Foundation/Personal Knowledge:</u>  Plaintiff fails to establish specific facts to support this conclusory statement.  Fed. R. Civ. Proc. 56(c)(4); Civ. L. R. 7-7; Fed. R. Evid. 602. | ☐Sustained<br>☐Overruled |
| 6.     Maximus did not inform me that I could transfer the call to one of my coworkers and neither did my supervisor ever volunteer to complete my calls if the time encroached upon my meal breaks according to CA labor laws. This happened to me on numerous occasions. I couldn't report the same on my time card, and was told to fill out a form online (an exception form) and submit it internally.<br><br>Barnes Decl. ¶ 6. | <u>Contradicts Sworn Deposition Testimony:</u> Plaintiff testified the following:  Plaintiff was required to record any deviations from her scheduled meal and rest breaks on an exception sheet.  Pl. Depo. 81:9-25; 82:11-15. Maximus maintained a mechanism to report those deviations and Plaintiff knew how to use it, and in fact submitted the exceptions. Pl. Depo. 81:9-25; 82:9-15.<br><br>A plaintiff cannot submit witness declarations that contradict the witnesses's own prior deposition testimony, in order to attempt to defeat summary judgment. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). | ☐Sustained<br>☐Overruled |
| 7.     Maximus deviated from this rule several times as its employee Naajia Khan was allowed to skip meal breaks quite often. She worked 12-hour shifts without meal breaks.<br><br>Barnes Decl. ¶ 7. | <u>Irrelevant:</u>  This statement is not helpful to the trier of fact in proving or disproving any material fact at issue in this case as it does not pertain to Plaintiff's experiences. Fed. R. Evid. 401, 402.<br><br><u>Lacks Foundation/Personal Knowledge:</u>  Plaintiff fails to establish specific facts to support this conclusory statement.  Fed. R. Civ. Proc. | ☐Sustained<br>☐Overruled |

DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF BARNES ISO PLAINTIFF'S OPPOSITION
326600354v.1

| Evidence | Objection | Ruling |
|---|---|---|
| | 56(c)(4); Civ. L. R. 7-7; Fed. R. Evid. 602. | |
| 8.    Her Supervisor Carrie bent the rules often. She told me to work through my breaks to finish scheduling patients, immediate family members, and extended family members for vaccination appointments.<br><br>Barnes Decl. ¶ 7. | Contradicts Sworn Deposition Testimony: Plaintiff testified the following:  Whenever an employee was not able to take breaks, they were expected to records it on a form that Maximus created to capture any deviations from the meal and break periods. Pl. Depo. 81:9-14. If an employee did not take a break at the time they were required to, any deviation from meal breaks had to be recorded on an exception sheet. Pl. Depo. 82:11-15.<br><br>A plaintiff cannot submit witness declarations that contradict the witnesses's own prior deposition testimony, in order to attempt to defeat summary judgment. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991).<br><br>Lacks Foundation/Personal Knowledge:  Plaintiff fails to establish specific facts to support this conclusory statement.  Fed. R. Civ. Proc. 56(c)(4); Civ. L. R. 7-7; Fed. R. Evid. 602. | ☐Sustained<br>☐Overruled |
| 9.    I worked from home and cannot attest of other employees' assignments during their meal breaks. However, Mai Vang encroached on my meal breaks on several occasions when I worked for Maximus as a Business Analyst, and she had no regard for personal time even though I was ordered by my doctor to take medicine on a regular basis. I couldn't take a meal break until I had completed my calls with customers / clients and I was unable to transfer the calls to other workers for | Contradicts Sworn Deposition Testimony: Plaintiff testified the following: During her meal periods Plaintiff left her computer for 30 minutes and handled anything personal that she needed to do, including eating. Pl. Depo. 83:2-18.<br><br>A plaintiff cannot submit witness declarations that contradict the witnesses's own prior deposition testimony, in order to attempt to defeat summary judgment. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). | ☐Sustained<br>☐Overruled |

6

| Evidence | Objection | Ruling |
|---|---|---|
| assistance as I worked as a Phone Representative.<br><br>Barnes Decl. ¶ 8. | Irrelevant:  This statement is not helpful to the trier of fact in proving or disproving any material fact at issue in this case as it pertains to her experiences as an exempt Business Analyst. Fed. R. Evid. 401, 402. | |
| 10.    On a weekly basis, Mai Vang told me that she was an exempt employee, NOT an hourly employee, and that I was expected to do what it took to complete my assignments on time, even if it took working beyond my assigned work shift and on the weekends, and I was therefore not told to record all my working hours.<br><br>Barnes Decl. ¶ 9. | Irrelevant:  This statement is not helpful to the trier of fact in proving or disproving any material fact at issue in this case as it pertains to her experiences as an exempt Business Analyst. Fed. R. Evid. 401, 402. | ☐Sustained<br>☐Overruled |
| 11.    I was NOT paid any premiums even though I had reported exceptions.<br><br>Barnes Decl. ¶ 10. | Lacks Foundation/Personal Knowledge:  Plaintiff fails to establish specific facts to support this conclusory statement.  Fed. R. Civ. Proc. 56(c)(4); Civ. L. R. 7-7; Fed. R. Evid. 602. | ☐Sustained<br>☐Overruled |
| 12.    I am unsure of the location Maximus hired me from, and I never visited Folsom, CA, but I was informed that Maximus' headquarters were in McLean, VA.<br><br>Barnes Decl. ¶ 11. | Irrelevant:  This statement is not helpful to the trier of fact in proving or disproving any material fact at issue in this case. Fed. R. Evid. 401, 402. | ☐Sustained<br>☐Overruled |
| 13.    My meal and rest breaks weren't always scheduled as I at times was unable to take a break as evidenced by the exception reporting forms I submitted while working for Maximus, as well as me having to sign in and out of the queue electronically under my Operating I.D. 372455.<br><br>Barnes Decl. ¶ 13. | Contradicts Sworn Deposition Testimony: Plaintiff testified the following: Plaintiff's meal and rest breaks were scheduled and she would clock out for the meal period by the time it was scheduled for her.  Pl. Depo. 81:19-25; 82:16-83:4.<br><br>A plaintiff cannot submit witness declarations that contradict the witnesses's own prior deposition testimony, in order to attempt to defeat | ☐Sustained<br>☐Overruled |

7

| Evidence | Objection | Ruling |
|---|---|---|
| | summary judgment. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). | |
| 14.   The Team chat communications and conversations are evidence of my back-and-forth communications with Ms. Vang, as well as the phone call and what was said concerning my request to exercise my right to vote. Barnes Decl. ¶ 14. | <u>Irrelevant:</u>  This statement is not helpful to the trier of fact in proving or disproving any material fact at issue in this case as it pertains to complaints unrelated to this lawsuit. Fed. R. Evid. 401, 402. <u>Inadmissible Opinion:</u>  This statement constitutes impermissible opinion testimony. Fed. R. Evid. 701. | ☐Sustained ☐Overruled |
| 15.   My phone call to Mai Vang concerning Mr. Profitt's behavior was made on my personal mobile phone. When Mai Vang said she did NOT want to hear my complaint, I started generating emails documenting the conversation and describing Mr. Profitt's unprofessional behavior towards me at the workplace. Barnes Decl. ¶ 14. | <u>Irrelevant:</u>  This statement is not helpful to the trier of fact in proving or disproving any material fact at issue in this case as it pertains to complaints unrelated to this lawsuit. Fed. R. Evid. 401, 402. | ☐Sustained ☐Overruled |
| 16.   I have no information concerning the timeline as to when my complaint was first investigated. Barnes Decl. ¶ 15. | <u>Irrelevant:</u>  This statement is not helpful to the trier of fact in proving or disproving any material fact at issue in this case. Fed. R. Evid. 401, 402. | ☐Sustained ☐Overruled |
| 17.   I have no information concerning how many, if any, employees of Maximus were interviewed. Barnes Decl. ¶ 16. | <u>Irrelevant:</u>  This statement is not helpful to the trier of fact in proving or disproving any material fact at issue in this case. Fed. R. Evid. 401, 402. | ☐Sustained ☐Overruled |
| 18.   I produced documents of a conversation and reprimand in Maximus' Teams Chat communications systems which stated that I should not use the phrase "Merry Christmas" at the workplace, even though other supervisors and employees were | <u>Inadmissible Opinion:</u>  This statement constitutes impermissible opinion testimony. Fed. R. Evid. 701. | ☐Sustained ☐Overruled |

8

| Evidence | Objection | Ruling |
|---|---|---|
| permitted to say the same. I was further prohibited from saying the same to my coworkers or permitted to respond in kind over the phone to clients. I produced several screenshots in discovery from other Maximus employees exercising their religious rights, but Mr. Allen denied my freedom to practice my religious beliefs at Maximus.<br>Barnes Decl. ¶ 17. | | |
| 19.   Mr. Allen reprimanded me and said that I could not use the phrase "Merry Christmas" or "God bless" at the workplace.<br>Barnes Decl. ¶ 18. | <u>Contradicts Sworn Deposition Testimony</u>: Plaintiff testified the following: Plaintiff was not disciplined for saying "Merry Christmas."  Pl. Depo. 33:5-10; 127:13-128:2.<br><br>A plaintiff cannot submit witness declarations that contradict the witnesses's own prior deposition testimony, in order to attempt to defeat summary judgment. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). | ☐Sustained<br>☐Overruled |
| 20.   I was disciplined when Mr. Allen instructed me not to say "Merry Christmas" or "God bless".<br>Barnes Decl. ¶ 19. | <u>Contradicts Sworn Deposition Testimony</u>: Plaintiff testified the following: Plaintiff was not disciplined for saying "Merry Christmas."  Pl. Depo. 33:5-10; 127:13-128:2.<br><br>A plaintiff cannot submit witness declarations that contradict the witnesses's own prior deposition testimony, in order to attempt to defeat summary judgment. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). | ☐Sustained<br>☐Overruled |
| 21.   The Teams Chat conversation between me and Mr. Allen clearly shows that I was reprimanded for saying "Merry Christmas" to my coworkers.<br>Barnes Decl. ¶ 19. | <u>Inadmissible Opinion:</u>  This statement constitutes impermissible opinion testimony. Fed. R. Evid. 701. | ☐Sustained<br>☐Overruled |

9

326600354v.1

| Evidence | Objection | Ruling |
|---|---|---|
| 22.     My coworkers and management were permitted to say "Merry Christmas". Barnes Decl. ¶ 20. | Lacks Foundation/Personal Knowledge:  Plaintiff fails to establish specific facts to support this conclusory statement.  Fed. R. Civ. Proc. 56(c)(4); Civ. L. R. 7-7; Fed. R. Evid. 602. | ☐Sustained ☐Overruled |
| 23.     I was unaware of ALL the things Maximus did. Some things I was told happened seemed fair. Barnes Decl. ¶ 21. | Irrelevant:  This statement is not helpful to the trier of fact in proving or disproving any material fact at issue in this case.  Fed. R. Evid. 401, 402. Inadmissible Opinion:  This statement constitutes impermissible opinion testimony. Fed. R. Evid. 701. | ☐Sustained ☐Overruled |
| 24.     However, I don't believe the persons in my work unit, including supervisors, were reprimanded because the terms/phrases "God", "God bless you", and "Merry Christmas" in their communications in the Teams Chat environment went on until the New Year 2023. Barnes Decl. ¶ 21. | Lacks Foundation/Personal Knowledge:  Plaintiff fails to establish specific facts to support this conclusory statement.  Fed. R. Civ. Proc. 56(c)(4); Civ. L. R. 7-7; Fed. R. Evid. 602. Inadmissible Opinion:  This statement constitutes impermissible opinion testimony. Fed. R. Evid. 701. | |
| 25.     I provided screen shots of credible evidence showing the ongoing communications and well wishes during the holiday season by my coworkers. My East Indian coworkers wished me and others a happy "Diwali and Dussehra", and my Jewish coworkers the same for "Hannaka, Rosh Hashanah". Barnes Decl. ¶ 21 | Inadmissible Opinion:  This statement constitutes impermissible opinion testimony. Fed. R. Evid. 701. | ☐Sustained ☐Overruled |
| 26.     On several occasions, my supervisor Dion Allen at Maximus denied my requests for extensions of disability leave. Barnes Decl. ¶ 22. | Contradicts Sworn Deposition Testimony: Plaintiff testified the following: Maximus granted all of Plaintiff's requests for leave and Plaintiff took all the leave she requested. | ☐Sustained ☐Overruled |

10

| Evidence | Objection | Ruling |
|---|---|---|
| | Pl. Depo. 93:1, 6-10; 97:3-6; 98:3-7.<br><br>A plaintiff cannot submit witness declarations that contradict the witnesses's own prior deposition testimony, in order to attempt to defeat summary judgment. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). | |
| 27.    Skills aptitude tests were given to Maximus' employees work unit without Human Resources' knowledge and approval as management claimed that they wanted to know the employees' skill levels and that this testing would help with the training and development of its employees.<br><br>Barnes Decl. ¶23. | Irrelevant:  This statement is not helpful to the trier of fact in proving or disproving any material fact at issue in this case. Fed. R. Evid. 401, 402.<br><br>Lacks Foundation/Personal Knowledge:  Plaintiff fails to establish specific facts to support this conclusory statement.  Fed. R. Civ. Proc. 56(c)(4); Civ. L. R. 7-7; Fed. R. Evid. 602.<br><br>Inadmissible Opinion:  This statement constitutes impermissible opinion testimony. Fed. R. Evid. 701. | ☐Sustained<br>☐Overruled |
| 28.    Several of my performance evaluations by Dion Allen were not truthful.<br><br>Barnes Decl. ¶ 24. | Lacks Foundation/Personal Knowledge:  Plaintiff fails to establish specific facts to support this conclusory statement.  Fed. R. Civ. Proc. 56(c)(4); Civ. L. R. 7-7; Fed. R. Evid. 602.<br><br>Inadmissible Opinion:  This statement constitutes impermissible opinion testimony. Fed. R. Evid. 701. | ☐Sustained<br>☐Overruled |
| 29.    Maximus is apparently conflating the phrase "adverse action" with "retaliation" as I am not only alleging a wrongful, retaliatory termination, but I am also alleging that I was harassed and discriminated against based on my religion and disability, for | Lacks Foundation/Personal Knowledge:  Plaintiff fails to establish specific facts to support this conclusory statement.  Fed. R. Civ. Proc. 56(c)(4); Civ. L. R. 7-7; Fed. R. Evid. 602.<br><br>Inadmissible Opinion:  This statement constitutes | ☐Sustained<br>☐Overruled |

11

| Evidence | Objection | Ruling |
|---|---|---|
| claiming wage and hour violations, etc.<br><br>Barnes Decl. ¶ 25. | impermissible opinion testimony. Fed. R. Evid. 701. | |
| 30.    My Teams Chat documentation shows preferential treatment to others who are NOT Christians who wish their coworkers Happy Hannaka, Passover, Dwali, etc.<br><br>Barnes Decl. ¶ 26. | <u>Inadmissible Opinion:</u>  This statement constitutes impermissible opinion testimony. Fed. R. Evid. 701. | ☐Sustained<br>☐Overruled |
| 31.    My screen shots of Teams Chat messages that I produced in discovery evidence that my employment was terminated due to my religion and/or in retaliation for my complaints of religious harassment.<br><br>Barnes Decl. ¶ 27. | <u>Contradicts Sworn Deposition Testimony</u>: Plaintiff testified the following: Plaintiff has no evidence to dispute the stated reason for her termination or to suggest it was motivated by discrimination. Pl. Depo. 134:23-135:5.<br><br>A plaintiff cannot submit witness declarations that contradict the witnesses's own prior deposition testimony, in order to attempt to defeat summary judgment. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991).<br><br><u>Inadmissible Opinion:</u>  This statement constitutes impermissible opinion testimony. Fed. R. Evid. 701. | ☐Sustained<br>☐Overruled |
| 32.    My leave was denied and miscalculated supposedly due to computer error in Maximus' computer system according to Shirley, an employee on the Absence Team in about June 2023.<br><br>Barnes Decl. ¶ 28. | <u>Contradicts Sworn Deposition Testimony</u>: Plaintiff testified the following: Maximus granted all of Plaintiff's requests for leave and Plaintiff took all the leave she requested. Pl. Depo. 93:1, 6-10; 97:3-6; 98:3-7.<br><br>A plaintiff cannot submit witness declarations that contradict the witnesses's own prior deposition testimony, in order to attempt to defeat summary judgment. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). | ☐Sustained<br>☐Overruled |

12

| Evidence | Objection | Ruling |
|---|---|---|
| | Lacks Foundation/Personal Knowledge:  Plaintiff fails to establish specific facts to support this conclusory statement.  Fed. R. Civ. Proc. 56(c)(4); Civ. L. R. 7-7; Fed. R. Evid. 602. | |
| 33.    I was compensated for all of my regular / straight time, but I was not compensated for my overtime hours worked and also not compensated for my hours worked on the weekends, before the start of my shift, nor after my shift ended.  Barnes Decl. ¶ 29. | Contradicts Sworn Deposition Testimony: Plaintiff testified that she was paid for all her work time. Pl. Depo. 92:1-13.  A plaintiff cannot submit witness declarations that contradict the witnesses's own prior deposition testimony, in order to attempt to defeat summary judgment. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991).  Lacks Foundation/Personal Knowledge:  Plaintiff fails to establish specific facts to support this conclusory statement.  Fed. R. Civ. Proc. 56(c)(4); Civ. L. R. 7-7; Fed. R. Evid. 602. | ☐Sustained ☐Overruled |
| 34.    1 was not provided all of my legally-required 30-minute meal periods and 10-minute rest breaks.  Barnes Decl. ¶ 30. | Contradicts Sworn Deposition Testimony: Plaintiff testified the following: Plaintiff would clock out for her scheduled meal period and take at least 30 minutes for her meal period. Pl. Depo. 82:23-83:4.  A plaintiff cannot submit witness declarations that contradict the witnesses's own prior deposition testimony, in order to attempt to defeat summary judgment. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991).  Lacks Foundation/Personal Knowledge:  Plaintiff fails to establish specific facts to support this conclusory statement.  Fed. R. Civ. Proc. 56(c)(4); Civ. L. R. 7-7; Fed. R. Evid. 602. | ☐Sustained ☐Overruled |

13

DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF BARNES ISO PLAINTIFF'S OPPOSITION

326600354v.1

| Evidence | Objection | Ruling |
|---|---|---|
| 35. Once I returned Maximus' computer and was given criteria for equipment approved to use in the phone center, I had to purchase a computer and equipment to meet Maximus' computer and accessory requirements as I had outdated computers at home that were NOT compliant and which were faulty.<br><br>Barnes Decl. ¶ 33. | <u>Contradicts Sworn Deposition Testimony</u>: Plaintiff testified the following: While working for Maximus, Plaintiff purchased her own computer, as well as the related equipment, because she did not have one to use at home. Pl. Depo. 70:24-71:5, 13-23; 72:10-24.<br><br>A plaintiff cannot submit witness declarations that contradict the witnesses's own prior deposition testimony, in order to attempt to defeat summary judgment. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). | ☐Sustained<br>☐Overruled |
| 36. I did not use the computer I purchased for work as I have several working computers in my home which I used for personal purposes.<br><br>Barnes Decl. ¶ 34. | <u>Contradicts Sworn Deposition Testimony</u>: Plaintiff testified the following: Plaintiff used the computer for her own personal purposes while working for Maximus and still uses it at her home to this day. Pl Depo. 72:25-73:21.<br><br>A plaintiff cannot submit witness declarations that contradict the witnesses's own prior deposition testimony, in order to attempt to defeat summary judgment. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). | ☐Sustained<br>☐Overruled |
| 37. I had other personal computers and tablets, cell phones in my home for personal use during my employment at Maximus, and only used those separate personal items for personal purposes.<br><br>Barnes Decl. ¶ 35. | <u>Contradicts Sworn Deposition Testimony</u>: Plaintiff testified the following: Plaintiff used the computer for her own personal purposes while working for Maximus and still uses it at her home to this day. Pl Depo. 72:25-73:21.<br><br>A plaintiff cannot submit witness declarations that contradict the witnesses's own prior deposition testimony, in order to attempt to defeat summary judgment. *Kennedy v.* | ☐Sustained<br>☐Overruled |

14

DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF BARNES ISO PLAINTIFF'S OPPOSITION

326600354v.1

| Evidence | Objection | Ruling |
|---|---|---|
|  | *Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). |  |
| 38.    I never sought counseling or therapy for emotional distress issues as I did not have the financial resources after losing my job to seek such treatment.<br><br>Barnes Decl. ¶ 36. | <u>Contradicts Sworn Deposition Testimony</u>: Plaintiff testified the following: Plaintiff saw 12 doctors since leaving Maximus and did not seek treatment for any emotional or mental issues. Pl. Depo. 20:14-20; 39:24-40:2; 40:12-14. Plaintiff had medical insurance from the time her employment was terminated at Maximus up to the present. Pl. Depo. 40:19-41:5, 9-17.<br><br>A plaintiff cannot submit witness declarations that contradict the witnesses's own prior deposition testimony, in order to attempt to defeat summary judgment. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). | ☐Sustained<br>☐Overruled |

DATED:  June 18, 2026              SEYFARTH SHAW LLP


By: */s/ Ryan McCoy*
　　　Ryan McCoy
　　　Reiko Furuta
　　Attorneys for Defendant
　　MAXIMUS CONSULTING SERVICES, INC.

15

DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF BARNES ISO PLAINTIFF'S OPPOSITION
326600354v.1