SEYFARTH SHAW LLP
Ryan McCoy SBN 276026
rmccoy@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:   415 397-2823
Facsimile:   415 397-8549

SEYFARTH SHAW LLP
Reiko Furuta SBN 169206
rfuruta@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   310 277-7200
Facsimile:   310 201-5219

Attorneys for Defendant MAXIMUS
CONSULTING SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREA BARNES,<br><br>                    Plaintiff,<br><br>          v.<br><br>MAXIMUS CONSULTING<br>SERVICES, INC.; and DOES 1 through<br>30; inclusive,<br><br>                    Defendants. | Case No. 5:25-cv-02108-KK-SP<br><br>**DEFENDANT MAXIMUS CONSULTING SERVICES, INC.'S RESPONSE TO STATEMENT OF GENUINE DISPUTES**<br><br>[Riverside County Superior Court Case No. CVPS2504251]<br><br>Date:     July 16, 2026<br>Time:     9:30 a.m.<br>Ctrm.:    3<br><br>Complaint Filed:  July 2, 2025<br>FAC Filed:  December 3, 2025<br>Trial Date:  None Set |

DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326570646v.2

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56-3, Defendant Maximus Consulting Services, Inc. ("Maximus") submits the following Response To Statement Of Genuine Disputes in support of its Motion for Summary Judgment or, in the alternative, Partial Summary Judgment as to the First Amended Complaint of Plaintiff Audrea Barnes "Plaintiff":

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| 1. | Maximus partners with governmental entities to operate call centers. Williams Dec. ¶ 5. | Objection. Irrelevant. Calls for a legal conclusion and speculation. |

**Defendant's Reply:**

Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.*

Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute.

| | | |
|---|---|---|
| 2. | Personnel at those call centers handle inquiries for state health programs. Williams Dec. ¶ 5. | Objection. Irrelevant. Calls for speculation. Plaintiff has never seen a Maximus Call Center as she worked from home, so she's unsure and unaware of what discussions were made at its Call Centers. Declaration of Audrea Barnes ("Barnes Decl."), ¶ 2. |

1

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| **Defendant's Reply:** | | |
| Plaintiff's evidence is immaterial as it does not dispute the proffered fact that personnel handles in inquiries for state health programs, and instead only proffers that Plaintiff is unaware of the discussions at the call center. Furthermore, the evidence cited by Plaintiff does not dispute the proffered fact. There is no genuine or material dispute. | | |
| 3. | Maximus's Overtime Policy provides that non-exempt employees receive overtime in accordance with federal and state wage and hour laws.<br><br>Williams Dec. ¶ 7, Exh. A. | Objection. Calls for speculation. Disputed.<br><br>Maximus is apparently conflating its purported written "Overtime Policy" with the actual policy that it implemented as it failed to provide Plaintiff with overtime compensation when she changed to an hourly non-exempt position on 11/14/22.<br><br>Barnes Decl. ¶ 3. |
| **Defendant's Reply:** | | |
| Plaintiff's evidence is immaterial as it does not dispute the proffered fact about the content of the written Overtime Policy, attached as Exhibit A to Williams Dec. Furthermore, the evidence cited by Plaintiff does not dispute the proffered fact. There is no genuine or material dispute. | | |
| 4. | Employees are responsible for accurately reporting all working hours on their timesheets, and that the timely and accurate submission of timesheets is critical.<br><br>Williams Dec. ¶ 7, Exh. A. | Objection. Compound. Calls for a legal conclusion and speculation. Disputed.<br><br>Maximus did NOT want its Call Center employees logging overtime from lunch and breaks on their timesheets. They created about seven (7) different internal online forms to exception. reporting overtime. Maximus designed these online forms to populate as an input and employee could not print these forms because they were forms to be submitted online for internal use and records.<br><br>Barnes Decl. ¶ 4. |

2

DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| **Defendant's Reply:**<br><br>Plaintiff was trained that she was required to accurately record hours worked as an hourly employee. Pl. Depo. 81:2-6. Plaintiff was required to record any deviations from her scheduled meal and rest breaks on an exception sheet. Pl. Depo. 81:9-25; 82:11-15. Maximus maintained a mechanism to report those deviations and Plaintiff knew how to use it, and in fact submitted the exceptions. Williams Dec. ¶ 10; Pl. Depo. 81:9-25; 82:9-15. These facts are taken directly from Plaintiff's deposition, and Plaintiff lacks any grounds for disputing these facts. A party cannot create a genuine issue of fact by contradicting her own previous testimony. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). Furthermore, the evidence cited by Plaintiff does not dispute the proffered fact. There is no genuine or material dispute. | | |
| 5. | When employees receive their paycheck, they are required to verify immediately that they were paid correctly for all regular and overtime hours.<br><br>Williams Dec. ¶ 7, Exh. A. | Objection. Calls for a legal conclusion and speculation. Disputed.<br><br>Plaintiff was NOT required to immediately verify that she was paid correctly for all regular and overtime hours.<br><br>Barnes Decl. ¶ 5. |
| **Defendant's Reply:**<br><br>Plaintiff's evidence is immaterial as it does not dispute the proffered fact about the content of the written Overtime Policy, attached as Exhibit A to Williams Declaration. Furthermore, the evidence cited by Plaintiff does not dispute the proffered fact. There is no genuine or material dispute. | | |
| 6. | California employees are required to take their first meal period by the end of their fifth hour of work.<br><br>Williams Dec. ¶ 8. | Objection. Vague and ambiguous as to the phrase "California employees". Calls for a legal conclusion and speculation. Disputed.<br><br>Employers must make a 30-minute meal break available to non-exempt employees. Several times supervisors at Maximus told its employees including Plaintiff to finish the call. They did not inform Plaintiff that she could transfer the call to one of her coworkers and neither did her supervisor ever volunteer to complete Plaintiff's calls if |

3

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
|  |  | the time encroached upon Plaintiff's meal breaks according to CA labor laws. This occurred numerous times to Plaintiff couldn't report the same on her time card, and was told to fill out a form online (an exception form) online and submit internally.<br><br>Barnes Decl. ¶ 6. |

**Defendant's Reply:**

Plaintiff was required to record any deviations from her scheduled meal and rest breaks on an exception sheet.  Pl. Depo. 81:9-25; 82:11-15. Maximus maintained a mechanism to report those deviations and Plaintiff knew how to use it, and in fact submitted the exceptions. Williams Dec. ¶ 10; Pl. Depo. 81:9-25; 82:9-15. These facts are taken directly from Plaintiff's deposition, and Plaintiff lacks any grounds for disputing these facts. A party cannot create a genuine issue of fact by contradicting her own previous testimony. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). Furthermore, the evidence cited by Plaintiff does not dispute the proffered fact. There is no genuine or material dispute.

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| 7. | A second meal period is required if employees work more than ten hours, but they can only waive their second meal period if they work less than 12 hours in a shift.<br><br>Williams Dec. ¶ 8. | Objection. Compound. Calls for a legal conclusion and speculation. Disputed.<br><br>Maximus deviated from this rule several times as its employee Naajia Khan was allowed to skip meal breaks quite often. She worked 12-hour shifts without meal breaks. Her Supervisor Carrie bent the rules often. She told Plaintiff to work through her breaks to finish scheduling patients, immediate family, and extended families for vaccination appointments.<br><br>Barnes Decl. ¶ 7. |

4

DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | **Defendant's Reply:**<br><br>Whenever an employee was not able to take breaks, they were expected to records it on a form that Maximus created to capture any deviations from the meal and break periods. Pl. Depo. 81:9-14. If an employee did not take a break at the time they were required to, any deviation from meal breaks had to be recorded on an exception sheet. Pl. Depo. 82:11-15. These facts are taken directly from Plaintiff's deposition, and Plaintiff lacks any grounds for disputing these facts. A party cannot create a genuine issue of fact by contradicting her own previous testimony. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). Furthermore, the evidence cited by Plaintiff does not dispute the proffered fact. There is no genuine or material dispute. | |
| 8. | Employees are relieved of all duties during meal periods.<br><br>Williams Dec. ¶ 8. | Objection. Vague and ambiguous as to the term "Employees". Calls for a legal conclusion and speculation. Disputed.<br><br>Plaintiff worked from home and cannot attest of other employees' assignments during their meal breaks. However, Mai Vang encroached on Plaintiff's meal breaks on several occasions when she worked as a Business Analyst, and she had no regard for personal time even though Plaintiff was prescribed to take medicine. Plaintiff couldn't take a meal break until she had completed her calls and was unable to transfer the calls to others for assistance as she worked as a Phone Representative.<br><br>Barnes Decl. ¶ 8. |
| | **Defendant's Reply:**<br><br>During her meal periods Plaintiff left her computer for 30 minutes and handled anything personal that she needed to do, including eating. Pl. Depo. 83:2-18. This fact was taken directly from Plaintiff's deposition, and Plaintiff lacks any grounds for disputing this fact. A party cannot create a genuine issue of fact by contradicting her own previous testimony. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). Furthermore, the evidence cited by Plaintiff does not dispute the proffered fact. There is no genuine or material dispute. | |
| 9. | Employees are entitled to one paid 15 minute rest break if they work a shift longer than 3.5 hour, two paid rest breaks if they work a shift | Objection. Compound. Vague and ambiguous as to the term "Employees" and further vague and ambiguous as to |

DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | longer than six hours, and three paid rest breaks if they work a shift longer than 10 hours.<br><br>Williams Dec. ¶ 9. | the timing. Calls for a legal conclusion and speculation. |

**Defendant's Reply:**

Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.*

Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute.

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| 10. | Maximus trains non-exempt employees, including Plaintiff, to record all time worked, including overtime, and prohibits off-the-clock work.<br><br>Williams Dec. ¶ 10; Pl. Depo. 69:7-70:8; 81:2-6. | Objection. Compound. Calls for speculation. Disputed.<br><br>On a weekly basis, Mai Vang told Plaintiff that she was an exempt employee, NOT an hourly employee, and she was expected to do what it took to complete her assignments on time, even if it took working beyond her assigned work shift and on the weekends, and was therefore not told to record all her working hours.<br><br>Barnes Decl. ₱ 9. |

6

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | **Defendant's Reply:** | |
| | Plaintiff's evidence is immaterial as it does not dispute the proffered fact regarding the timekeeping of non-exempt employees and instead only proffers irrelevant statements as to her time practices as an exempt employee. The above fact is based on Plaintiff's deposition testimony and constitutes an unequivocal admission. The fact is taken directly from Plaintiff's deposition, and Plaintiff lacks any grounds for disputing this fact. A party cannot create a genuine issue of fact by contradicting her own previous testimony. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). Furthermore, the evidence cited by Plaintiff does not dispute the proffered fact. There is no genuine or material dispute. | |
| 11. | Maximus maintains a process for employees to report missed, late, or interrupted meal periods and rest periods, and employees are paid premiums when a qualifying exception is reported. Williams Dec. ¶ 10; Pl. Depo. 81:9-25; 82:9-15. | Objection. Compound. Calls for a legal conclusion and speculation. Disputed. Plaintiff was NOT paid any premiums even though she had reported exceptions. Barnes Decl. ℙ 10. |
| | **Defendant's Reply:** | |
| | Whenever an employee was not able to take breaks, they were expected to records it on a form that Maximus created to capture any deviations from the meal and break periods. Pl. Depo. 81:9-14. If an employee did not take a break at the time they were required to, any deviation from meal breaks had to be recorded on an exception sheet. Pl. Depo. 82:11-15. These facts are taken directly from Plaintiff's deposition, and Plaintiff lacks any grounds for disputing these facts. A party cannot create a genuine issue of fact by contradicting her own previous testimony. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). Furthermore, the evidence cited by Plaintiff does not dispute the proffered fact. There is no genuine or material dispute. | |
| 12. | On May 2, 2022, Maximus hired Plaintiff as an exempt Limited Service Full-Time Business Analyst out of Maximus's Folsom location. Williams Dec. ¶ 11; Pl. Depo. 55:18-22. | Objection. Compound. Calls for speculation. Plaintiff is unsure of the location Maximus hired her from, and she never visited Folsom, CA, but Plaintiff was informed that Maximus' headquarters were in McLean, VA. Barnes Decl. ℙ 11. |

DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|-----|---------------------------------------------------------------------------------|----------------------------------------------|
| **Defendant's Reply:** Plaintiff's evidence is immaterial as it does not dispute the proffered fact that Maximus hired her on May 2, 2022. The above fact is based on Plaintiff's deposition testimony and constitutes an unequivocal admission. The fact is taken directly from Plaintiff's deposition, and Plaintiff lacks any grounds for disputing this fact. A party cannot create a genuine issue of fact by contradicting her own previous testimony. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). Furthermore, the evidence cited by Plaintiff does not dispute the proffered fact. There is no genuine or material dispute. | | |
| 13. | As a Business Analyst, Plaintiff worked remotely from her residence.<br><br>Pl. Depo. 63:10-11. | **Undisputed.** |
| 14. | Plaintiff was supervised in this position by Mai Vang until Plaintiff transferred to a position in the Call Center in November 2022.<br><br>Williams Dec. ¶ 11. | **Undisputed**. |
| 15. | In both roles, Plaintiff was employed on an at-will basis.<br><br>Pl. Depo. 65:3-19. | Objection. Vague and ambiguous as to the phrase "In both roles". |
| **Defendant's Reply:** Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.* Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute. | | |
| 16. | On or about November 13, 2022, Plaintiff's position as a Business Analyst ended, and she was | Objection. Compound. Disputed. |

8

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | reassigned to work at Maximus's California Health West Division Call Center as a non-exempt Team Leader.<br><br>Williams Dec. ¶ 12. | Plaintiff never worked at the Maximus Call Center as a Maximus employee before November 14, 2022. Plaintiff was never an employee of Maximus as a Phone Lead nor Representative in the Phone Center. November 14, 2022 was day one as a Phone Center Team Leader in the Maximus Phone Center.<br><br>Barnes Decl. �token 12. |

**Defendant's Reply:**

Plaintiff's evidence is immaterial as it does not dispute the proffered fact that she began working as a non-exempt Team Leader in Maximus's call center on or about November 13, 2022 and in fact confirms this fact with her evidence. Furthermore, the evidence cited by Plaintiff does not dispute the proffered fact. There is no genuine or material dispute.

| No. | | |
|---|---|---|
| 17. | Plaintiff worked in this position remotely.<br><br>Pl. Depo. 66:19-22. | Objection. Vague and ambiguous as to the phrase "this position". Disputed to the extent "this position" is unclear. |

**Defendant's Reply:**

Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.*

Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute.

| No. | | |
|---|---|---|
| 18. | In this position, Plaintiff's job duties included handling customer calls and providing relevant information. As a Team Leader, Plaintiff was supervised by Dion Allen beginning in December 2022. | Objection. Vague and ambiguous as to the phrase "In this position".<br><br>Compound. Disputed to the extent "this position" is unclear. |

9

DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | Williams Dec. ¶ 12, Pl. Depo. 25:6-9. | |

**Defendant's Reply:**

Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.*

Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute.

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| 19. | Plaintiff was trained on the timekeeping process when she moved into the non-exempt Team Leader role. Pl. Depo. 69:7-70:8. | **Undisputed.** |
| 20. | Plaintiff understood she was to record all hours worked and report any missed or noncompliant meal periods through the established exception process. Pl. Depo. 81:2-6, 9-25; 82:11-15. | Objection. Vague and ambiguous as to which position / job title is referred to and the timing. Compound. Disputed to the extent this statement is unclear. |

**Defendant's Reply:**

Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.*

Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute.

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| 21. | Plaintiff admitted in her deposition that during her tenure as a non- | Objection. Compound. Disputed. |

10

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | exempt Team Leader, Plaintiff's meal and rest breaks were scheduled and she would clock out for the meal period by the time it was scheduled for her.<br><br>Pl. Depo. 81:19-25; 82:16-83:4. | Plaintiff's meal and rest breaks weren't always scheduled as Plaintiff at times was unable to take a break as evidenced by the exception reporting forms she submitted while working for Maximus, as well as her having to sign in and out of the queue electronically under her Operating I.D. 372455.<br><br>Barnes Decl. ℙ 13. |

**Defendant's Reply:**

Plaintiff's evidence is immaterial as it does not dispute the proffered fact that her breaks were scheduled, and instead only proffers that at times she was unable to take her breaks at the scheduled time.

This fact is taken directly from Plaintiff's deposition, and Plaintiff lacks any grounds for disputing this fact. A party cannot create a genuine issue of fact by contradicting her own previous testimony. *See Cleveland v. Policy Mgmt. Sys. Corp.,* 526 U.S. 795, 806 (1999). Furthermore, the evidence cited by Plaintiff does not dispute the proffered fact. There is no genuine or material dispute.

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| 22. | On December 7, 2022, Plaintiff submitted a complaint through Maximus's Ethics Hotline portal against an IT Technician and Ms. Vang.<br><br>Williams Dec. ¶ 13, Exh. B. | **Undisputed.** |
| 23. | Plaintiff's complaint was three–fold, alleging: 1 on or about September 15, 2022 the IT Technician changed Plaintiff's global password without her permission; 2 Ms. Vang ignored Plaintiff's reports of unprofessional conduct by the IT Technician; and 3 Ms. Vang questioned Plaintiff when she requested time off for voting.<br><br>Williams Dec. ¶ 13, Exh. B. | Objection. Compound. Disputed.<br><br>The Team chat communications and conversations are evidence of Plaintiff's back-and-forth communications with Ms. Vang, as well as the phone call and what was said concerning Plaintiff's request to exercise her right to vote. Plaintiff's phone call to Mai Vang concerning Mr. Profitt's behavior was made on her personal mobile phone. When Mai Vang said she did NOT want to hear Plaintiff's complaint, Plaintiff started generating emails documenting the conversation and describing Mr. Profitt's unprofessional behavior towards her at the workplace. |

11

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | | Barnes Decl. ℙ 14. |
| **Defendant's Reply:** | | |
| Plaintiff's evidence is immaterial as it does not dispute the proffered fact of the contents of her complaint. There is no genuine or material dispute. | | |
| 24. | Within one week of receiving Plaintiff's complaint, Maximus initiated an investigation and the lead investigator Paula Hamilton interviewed Plaintiff. Williams Dec. ¶ 13, Exh. B. | Objection. Compound. Calls for speculation. Plaintiff has no information concerning the timeline as to when her complaint was first investigated. Barnes Decl. ℙ 15. |
| **Defendant's Reply:** | | |
| Plaintiff's evidence is immaterial as it does not dispute the proffered fact of the timing of the investigation of the complaint, and instead only proffers that Plaintiff does not have information of the timeline. There is no genuine or material dispute. | | |
| 25. | As part of its investigation into Plaintiff's claims, Maximus interviewed seven other Maximus employees, including Mai Vang. Williams Dec. ¶ 13, Exh. B. | Objection. Calls for speculation. Plaintiff has no information concerning how many, if any, employees of Maximus were interviewed. Barnes Decl. ℙ 16. |
| **Defendant's Reply:** | | |
| Plaintiff's evidence is immaterial as it does not dispute the proffered fact of the number of employees interviewed, and instead only proffers that Plaintiff does not have information of the number of employees interviewed. There is no genuine or material dispute. | | |
| 26. | The investigation determined that the IT Technician followed standard protocol when he temporarily reset Plaintiff's password and provided her a new laptop, resulting in an unsubstantiated determination. Williams Dec. ¶ 13, Exh. B. | Objection. Compound. Calls for speculation. |

12

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|-----|----------------------------------------------|----------------------------------------------|

**Defendant's Reply:**

Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.*

Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute.

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|-----|----------------------------------------------|----------------------------------------------|
| 27. | Maximus further determined Plaintiff's claim that Ms. Vang ignored reports of unprofessional conduct was unsubstantiated, as the employee in question had already received a verbal corrective action.<br><br>Williams Dec. ¶ 13, Exh. B. | Objection. Compound. Calls for speculation. |

**Defendant's Reply:**

Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.*

Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute.

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|-----|----------------------------------------------|----------------------------------------------|
| 28. | With respect to Plaintiff's third claim, it was determined that Plaintiff was permitted to use PTO to vote in person on Election Day, consistent with Maximus's policy.<br><br>Williams Dec. ¶ 13, Exh. B. | Objection. Vague and ambiguous as to the phrase "With respect to Plaintiff's third claim". Compound. Calls for speculation. |

13

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | **Defendant's Reply:**<br><br>Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.*<br><br>Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute. | |
| 29. | Plaintiff produced a Teams chat from a December 19, 2022 meeting in which Mr. Allen advised that "Happy Holidays" is more appropriate for customer-facing communications.<br><br>Pl. Depo. 127:6-12, Exh. 12. | Objection. Calls for a legal conclusion. Disputed.<br><br>Plaintiff produced documents of a conversation and reprimand in Maximus Team chat communications systems that she should not use the phrase "Merry Christmas" at the workplace, even though other supervisors and employees were permitted to say the same. Plaintiff was further prohibited from saying the same to her coworkers or respond in kind over the phone to clients. Plaintiff produced several screenshots in discovery from other Maximus employees exercising their religious rights but Mr. Allen denied her freedom to practice her religious belief at Maximus.<br><br>Barnes Decl. ¶ 17. |

14

DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| **Defendant's Reply:** | | |
| | Plaintiff's evidence is immaterial as it does not dispute the proffered fact that she produce the Teams Chat from a December 19, 2022 meeting, and instead only proffers that Plaintiff produced several documents.<br><br>The above fact is based on Plaintiff's deposition testimony and constitutes an unequivocal admission. The fact is taken directly from Plaintiff's deposition, and Plaintiff lacks any grounds for disputing this fact. A party cannot create a genuine issue of fact by contradicting her own previous testimony. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). Furthermore, the evidence cited by Plaintiff does not dispute the proffered fact. There is no genuine or material dispute. | |
| 30. | The chat confirms that Mr. Allen's guidance was directed at maintaining neutral, client-aligned communications—not at restricting Plaintiff's personal religious expression.<br><br>Pl. Depo. 127:6-12, Exh. 12. | Objection. Compound. Calls for a legal conclusion. Disputed.<br><br>Mr. Allen reprimanded Plaintiff and said that she could not use the phrase "Merry Christmas" or "God bless" at the workplace.<br><br>Barnes Decl. ¶ 18. |
| **Defendant's Reply:** | | |
| | Plaintiff's evidence is immaterial as it does not dispute the proffered fact that the guidance was directed at maintaining neutral, client-aligned communications.<br><br>This fact is taken directly from Plaintiff's deposition, and Plaintiff lacks any grounds for disputing this fact. A party cannot create a genuine issue of fact by contradicting her own previous testimony. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). Furthermore, the evidence cited by Plaintiff does not dispute the proffered fact. There is no genuine or material dispute. | |
| 31. | Plaintiff was not disciplined for saying "Merry Christmas."<br><br>Pl. Depo. 33:5-10; 127:13-128:2. | Objection. Calls for a legal conclusion. Disputed.<br><br>Plaintiff was disciplined when Mr. Allen instructed Plaintiff not to say "Merry Christmas" or "God bless". The team chat conversation between Plaintiff and Mr. Allen clearly shows that she was reprimanded for saying "Merry Christmas" to her coworkers.<br><br>Barnes Decl. ¶ 19. |

15

DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | **Defendant's Reply:**<br><br>This fact is taken directly from Plaintiff's deposition, and Plaintiff lacks any grounds for disputing this fact. A party cannot create a genuine issue of fact by contradicting her own previous testimony. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). Furthermore, the evidence cited by Plaintiff does not dispute the proffered fact. There is no genuine or material dispute. | |
| 32. | Nor did she allege that any additional comments were made by Mr. Allen about religion after the December 2022 meeting and a follow-up call.<br><br>Pl. Depo. 33:11-16. | Objection. Vague and ambiguous as to the term "she". |
| | **Defendant's Reply:**<br><br>Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.*<br><br>Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute. | |
| 33. | Maximus closed the investigation on January 20, 2023 and Ms. Hamilton informed Plaintiff of the outcome of the investigation on January 26, 2023, including that CDPH (the government client) expects employees to maintain neutral, secular with customers, which includes avoiding statements such as Merry Christmas.<br><br>Pl. Depo. 128:10-16, Exh. 13. | Objection. Compound. Calls for speculation. Disputed.<br><br>Plaintiff's coworkers and management were permitted to say "Merry Christmas".<br><br>Barnes Decl. ⁋ 20. |

16

DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | **Defendant's Reply:**<br><br>Plaintiff's evidence is immaterial as it does not dispute the proffered fact as to the results of the investigation, and instead only proffers information about other individuals.<br><br>This fact is taken directly from Plaintiff's deposition, and Plaintiff lacks any grounds for disputing this fact. A party cannot create a genuine issue of fact by contradicting her own previous testimony. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). Furthermore, the evidence cited by Plaintiff does not dispute the proffered fact. There is no genuine or material dispute. | |
| 34. | Plaintiff testified that she was not aware of the investigation's results at the time they were communicated, but, after reviewing those results during her deposition, she stated that she was satisfied with Maximus's response.<br><br>Pl Depo. 104:16-105:10; 128:22-129:3. | Objection. Compound. Disputed.<br><br>Plaintiff was unaware of ALL the things Maximus did. Some things she was told happened seemed fair.<br><br>However, Plaintiff doesn't believe the persons in her work unit, including supervisors were reprimanded because the terms/phrases "God", "God bless you", and "Merry Christmas" in their communications in the Team Chat environment went on until the New Year 2023. Plaintiff provided screen shots of credible evidence showing the ongoing communications and well wishes during the holiday season by her coworkers. Plaintiff's East Indian coworkers wished her and others a happy "Diwali and Dussehra", and her Jewish coworkers the same for "Hannaka" and "Rosh Hashanah".<br><br>Barnes Decl. ₱ 21. |

17

DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | **Defendant's Reply:**<br><br>Plaintiff's evidence is immaterial as it does not dispute the proffered fact as to the results of the investigation, and instead only proffers information about other individuals.<br><br>This fact is taken directly from Plaintiff's deposition, and Plaintiff lacks any grounds for disputing this fact. A party cannot create a genuine issue of fact by contradicting her own previous testimony. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). There is no genuine or material dispute. | |
| 35. | On or about May 4, 2023, Plaintiff began a leave of absence due to a leg and hip injury and requested medical leave.<br><br>First Amended Complaint ¶ 16; Williams Dec. ¶ 14, Exh. C. | **Undisputed.** |
| 36. | Maximus approved Plaintiff's request for a medical leave of absence through June 23, 2023.<br><br>First Amended Complaint ¶ 16; Williams Dec. ¶ 14, Exh. C. | **Undisputed.** |
| 37. | Plaintiff subsequently requested extensions of her leave on June 24 and July 25, both of which Maximus approved. Plaintiff remained on approved leave through August 2023, when her position was eliminated.<br><br>Williams Dec. ¶ 15, Exh. D; Pl. Depo. 86:6-8. | Objection. Compound. Calls for speculation. Disputed.<br><br>On several occasions, Maximus denied Plaintiff's requests for extensions of disability leave by her supervisor Dion Allen.<br><br>Barnes Decl. ℙ 22. |

18

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | **Defendant's Reply:** | |
| | Maximus granted all of Plaintiff's requests for leave and Plaintiff took all the leave she requested. Pl. Depo. 93:1, 6-10; 97:3-6; 98:3-7.<br><br>These facts are taken directly from Plaintiff's deposition, and Plaintiff lacks any grounds for disputing these facts. A party cannot create a genuine issue of fact by contradicting her own previous testimony. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). Furthermore, the evidence cited by Plaintiff does not dispute the proffered fact. There is no genuine or material dispute. | |
| 38. | As part of a company-wide reduction in force, Maximus eliminated Plaintiff's position and terminated her employment on August 4, 2023.<br><br>Williams Dec. ¶ 16. | Objection. Compound. Calls for a legal conclusion and speculation. |
| | **Defendant's Reply:** | |
| | Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.*<br><br>Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute. | |
| 39. | Maximus's Human Resources department uses a standardized formula to determine RIF selections, based on a combined score of (1) retention credits derived from the employee's most recent annual performance rating and (2) service credits based on length of service.<br><br>Kenawell Dec. ¶ 3. | Objection. Compound. Calls for speculation. Disputed.<br><br>Skills aptitude tests were given to Maximus' employees work unit without Human Resources' knowledge and approval as management claimed that they wanted to know the employees' skill levels and that this testing would help with the training and development of its employees.<br><br>Barnes Decl. ℙ 23. |

19

DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | **Defendant's Reply:** Plaintiff's evidence is immaterial as it does not dispute the proffered facts that set forth the standardized formula for determine RIF selections, and instead only proffers irrelevant information of alleged skills aptitude tests. There is no genuine or material dispute. | |
| 40. | These criteria are established in advance and applied uniformly across the affected employee population. Kenawell Dec. ¶¶ 2-4. | Objection. Vague and ambiguous as to the term "These" and the phrase "employee population". Calls for speculation. |
| | **Defendant's Reply:** Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.* Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute. | |
| 41. | The RIF rankings were generated using only these objective inputs—performance and tenure—and did not include any fields for protected status, leave status, complaint history, religion, or disability. Kenawell Dec. ¶¶ 2-4. | Objection. Calls for speculation. |

20

DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| **Defendant's Reply:** | | |
| Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.*<br><br>Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute. | | |
| 42. | Based on Plaintiff's performance rating and relatively short tenure, Plaintiff received a retention score that ranked the fifth lowest out of 133 employees.<br><br>Kenawell Dec ¶ 5, Exh. 2. | Objection. Calls for speculation. Disputed.<br><br>Several of Plaintiff's performance evaluations by Dion Allen were not truthful.<br><br>Barnes Decl. ¶ 24. |
| **Defendant's Reply:** | | |
| Plaintiff's evidence is immaterial as it does not dispute the proffered fact that she received one of the lowest retention scores. There is no genuine or material dispute. | | |
| 43. | Plaintiff was among 53 Call Center employees in the California Health West Division recommended for termination in the August 2023 RIF, including six individuals in her same job position.<br><br>Kenawell Dec ¶ 5, Exh. 2. | Objection. Compound. Calls for speculation. |

21

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | **Defendant's Reply:** Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.* Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute. | |
| 44. | Those responsible for applying and approving the RIF criteria did not consider Plaintiff's medical leave, any alleged disability, religion, or prior complaints in making the selection. Kenawell Dec. ¶¶ 3-5. | Objection. Calls for speculation. |
| | **Defendant's Reply:** Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.* Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute. | |
| 45. | Plaintiff admitted at deposition that she has no evidence that Maximus's decision to include her in the RIF was somehow unlawful. Pl. Depo. 134:23-135:5. | **Undisputed.** |
| 46. | Plaintiff cannot identify any discriminatory statements, actions, or conduct by any supervisor or decision-maker linking her religion | **Undisputed.** |

22

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | or disability to the decision to terminate her employment.<br><br>Pl. Depo. 134:23-135:5. | |
| 47. | The only adverse action Plaintiff is alleging is her termination of employment in August 2023.<br><br>First Amended Complaint ¶¶ 60 and 92. | Objection. Vague and ambiguous as to the phrase "adverse action". Disputed.<br><br>Maximus is apparently conflating the phrase "adverse action" with "retaliation" as Plaintiff is not only alleging a wrongful, retaliatory termination, but is also alleging that she was harassed and discriminated against based on her religion and disability, for claiming wage and hour violations, etc.<br><br>Barnes Decl. ¶ 25. |
| **Defendant's Reply:** | | |
| Plaintiff's evidence is immaterial as it does not dispute the proffered fact of the termination as an adverse action, and instead only proffers that Plaintiff alleged additional claims. There is no genuine or material dispute. | | |
| 48. | Plaintiff admitted at deposition that she does not have any proof that she was terminated from her position other than for lack of work.<br><br>Pl. Depo. 134:23-135:5. | **Undisputed.** |
| 49. | Plaintiff was selected for termination through a company-wide RIF that applied objective criteria across 133 ranked employees, and she ranked among the lowest based on performance score and tenure.<br><br>Kenawell Dec. ¶ 5. | Objection. Compound. Calls for speculation. |

23

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| **Defendant's Reply:** | | |
| Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.*<br><br>Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute. | | |
| 50. | The RIF criteria is fixed, uniformly applied, and does not include religion, disability, leave status, or complaint history.<br><br>Kenawell Dec. ¶¶ 2-3. | Objection. Compound. Calls for speculation. |
| **Defendant's Reply:** | | |
| Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.*<br><br>Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute. | | |
| 51. | There is no evidence of discriminatory comments tied to the termination decision, no evidence of disparate treatment compared to similarly situated employees, and no evidence that the RIF criteria were manipulated or not applied consistently as to Plaintiff.<br><br>Kenawell Dec. ¶¶ 4-5. | Objection. Compound. Calls for speculation. Disputed.<br><br>Plaintiff's Teams Chat documentation shows preferential treatment to others who are NOT Christians who wish their coworkers Happy Hannaka, Passover, Dwali, etc.<br><br>Barnes Decl. ⊩ 26. |

24

DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | **Defendant's Reply:** Plaintiff's evidence is immaterial as it does not dispute the proffered fact that the RIF process was not discriminatory. There is no genuine or material dispute. | |
| 52. | There were no overrides or deviations from the formula for Plaintiff, and if available, the decision-makers applied the rankings mechanically. Kenawell Dec. ¶ 5. | Objection. Compound. Calls for speculation. |
| | **Defendant's Reply:** Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.* Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute. | |
| 53. | Plaintiff admits she has no evidence to dispute the stated reason for her termination or to suggest it was motivated by discrimination. Pl. Depo. 134:23-135:5. | Objection. Compound. Disputed. Plaintiff's screen shots of Teams Chat messages she produced in discovery evidence that her employment was terminated due to her religion and/or in retaliation for her complaints of religious harassment. Barnes Decl. ¶ 27. |

25

DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| **Defendant's Reply:** | | |
| This fact is taken directly from Plaintiff's deposition, and Plaintiff lacks any grounds for disputing this fact. A party cannot create a genuine issue of fact by contradicting her own previous testimony. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). Furthermore, the evidence cited by Plaintiff does not dispute the proffered fact. There is no genuine or material dispute. | | |
| 54. | 53 employees in the division, including six in Plaintiff's same job position, were terminated under the same RIF.<br><br>Kenawell Dec. ¶ 5, Exh. 2. | Objection. Compound. Calls for speculation. |
| **Defendant's Reply:** | | |
| Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.*<br><br>Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute. | | |
| 55. | Plaintiff claims that she was wrongfully terminated in retaliation for taking medical leave and making complaints of religious harassment and unpaid wages.<br><br>First Amended Complaint, ¶ 20. | **Undisputed.** |
| 56. | Plaintiff admits she has no evidence that any protected activity was the reason why she was terminated from her position.<br><br>Pl. Depo. 134:23-135:5. | **Undisputed.** |
| 57. | Plaintiff's performance review—the key input into the retention credit score—was completed in February 2023, more than two | Objection. Compound. Calls for speculation. |

26

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | months before Plaintiff began her medical leave. Kenawell Dec. ¶ 4, Exh. 1. | |

**Defendant's Reply:**

Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.*

Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute.

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| 58. | The termination decision itself was made pursuant to a RIF process that did not consider protected complaints or leave status. Kenawell Dec. ¶ 3. | Objection. Compound. Calls for speculation. |

**Defendant's Reply:**

Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.*

Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute.

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| 59. | The RIF rankings were generated mechanically based on each employee's performance score and length of service, with no individualized override as to Plaintiff and no input reflecting leave status, complaint history, religion, or disability. | Objection. Compound. Calls for speculation. |

27

DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | Kenawell Dec. ¶¶ 3, 5. | |

**Defendant's Reply:**

Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.*

Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute.

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| 60. | The performance review underlying Plaintiff's ranking evaluates standard performance factors and contains no indication that her religion, alleged wage concerns, or any other protected activity played any role in determining her score. Kenawell Dec. ¶ 4, Exh. 1. | Objection. Compound. Calls for speculation. |

**Defendant's Reply:**

Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.*

Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute.

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| 61. | Mr. Allen informed Plaintiff during a team meeting that she "should use Happy Holiday in a business setting" especially when speaking with a customer. Pl. Depo., Exh 12. | **Undisputed.** |

28

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| 62. | Plaintiff admits that besides a call immediately after the team meeting where Mr. Allen allegedly reiterated what he communicated in the meeting, Plaintiff cannot recall any further communication with Mr. Allen about this issue.<br><br>Pl. Depo. 33:11-16. | **Undisputed.** |
| 63. | After this communication with Mr. Allen, Plaintiff was not disciplined for saying Merry Christmas.<br><br>Pl. Depo. 33:5-10; 127:13-128:2 | Objection. Vague and ambiguous as to the phrase "After this communication" and the term "disciplined". |
| **Defendant's Reply:**<br><br>Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.*<br><br>Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute. | | |
| 64. | Plaintiff is not aware as to whether Mr. Allen had similar conversations with other employees about their use of "Merry Christmas" as a greeting.<br><br>Pl. Depo. 128:3-7. | **Undisputed.** |
| 65. | Maximus promptly investigated Plaintiff's complaint through its Ethics process, interviewed multiple witnesses, and communicated the outcome.<br><br>Williams Dec. ¶ 13, Exh. B; Pl. Depo. 128:10-16, Exh. 13. | Objection. Vague and ambiguous as to the terms "promptly" and investigated". Calls for speculation. |

29

DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|-----|------------------------------------------------------------------------------------|-----------------------------------------------|
| **Defendant's Reply:** | | |
| | Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.* | |
| | Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute. | |
| 66. | Maximus granted all of Plaintiff's requests for leave and Plaintiff took all the leave she requested.<br><br>Pl. Depo. 93:1, 6-10; 97:3-6; 98:3-7; Williams Dec. ¶¶ 14-15, Exhs. C-D. | Objection. Compound. Disputed.<br><br>Plaintiff's leave was denied and miscalculated supposedly due to computer error in Maximus' computer system according to Shirley, an employee on the Absence Team in about June 2023.<br><br>Barnes Decl. ¶ 28. |
| **Defendant's Reply:** | | |
| | This fact is taken directly from Plaintiff's deposition, and Plaintiff lacks any grounds for disputing this fact. A party cannot create a genuine issue of fact by contradicting her own previous testimony. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). Furthermore, the evidence cited by Plaintiff does not dispute the proffered fact. There is no genuine or material dispute. | |
| 67. | Plaintiff's position was eliminated as part of a broader RIF that affected dozens of employees, including other Team Leaders, and not because she exercised CFRA rights.<br><br>Kenawell Dec. ¶ 5. | Objection. Vague and ambiguous as to the term "eliminated". Calls for a legal conclusion and speculation. |

30

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|-----|---------------------------------------------------|-----------------------------------|
| **Defendant's Reply:** | | |
| Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.* | | |
| Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute. | | |
| 68. | Plaintiff alleges that Maximus denied Plaintiff's request for reasonable accommodation by terminating Plaintiff's employment, in violation of Government Code Secs. 12926 and 12940.<br><br>First Amended Complaint ¶ 106. | **Undisputed.** |
| 69. | Maximus approved Plaintiff's requests for medical leave for injury upon Plaintiff's request.<br><br>Pl. Depo. 93:1, 6-10; 97:3-6.; Williams Dec. ¶¶ 14-15, Exhs. C, D. | **Undisputed.** |
| 70. | Plaintiff further alleges that Maximus failed to accommodate her religious beliefs by preventing her from saying "Merry Christmas" or "God bless" at work in violation of Government Code Secs. 12926 and 12940n.<br><br>First Amended Complaint ¶¶ 15, 72. | **Undisputed.** |
| 71. | Maximus had a legitimate, client-driven requirement that customer-facing employees communicate in a neutral manner and avoid sectarian greetings when interacting with customers. | Objection. Vague and ambiguous as to the term "neutral". Calls for speculation. |

31

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | Pl. Depo. 127:6-12; 128:10-16, Exhs. 12, 13. | |

**Defendant's Reply:**

Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.*

Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute.

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| 72. | Maximus maintained written anti-discrimination, anti-harassment, and anti-retaliation policies; provided complaint channels; and promptly investigated Plaintiff's December 2022 complaint.<br><br>Williams Dec. ¶ 7, 13, Exhs. A, B. | Objection. Vague and ambiguous as to the terms "promply" and "investigated". Calls for speculation. |

**Defendant's Reply:**

Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.*

Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute.

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| 73. | Plaintiff alleges that Plaintiff's counsel requested a copy of Plaintiff's personnel file and payroll records on April 23, 2025.<br><br>First Amended Complaint ¶ 21. | **Undisputed.** |

32

DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| 74. | Maximus has no record that any such request was received by Maximus on or around April 23, 2025.<br><br>William Dec. ¶ 17. | Objection. Calls for speculation. |

**Defendant's Reply:**

Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.*

Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute.

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| 75. | Maximus received a request for Plaintiff's personnel file and payroll records on January 9, 2024 and timely responded to Plaintiff's counsel with the responsive documents on January 22, 2024 and January 29, 2024.<br><br>Williams Dec. ¶ 18, Exh. E. | Objection. Compound. Calls for speculation. |

**Defendant's Reply:**

Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.*

Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute.

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| 76. | Plaintiff alleges in her Complaint that she was not paid for approximately 20 hours of | **Undisputed.** |

33

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | overtime per week for about six months while a non-exempt employee.<br><br>First Amended Complaint ¶ 13; Pl. Depo 54:11-19. | |
| 77. | Plaintiff was trained that she was required to accurately record hours worked as an hourly employee.<br><br>Pl. Depo. 81:2-6. | **Undisputed.** |
| 78. | Plaintiff admits that she was paid for all her work time.<br><br>Pl. Depo. 92:1-13. | Disputed.<br><br>Plaintiff was compensated for all of my regular / straight time, but she was not compensated for her overtime hours worked and also not compensated for her hours worked on the weekends, before the start of her shift, nor after her shift ended.<br><br>Barnes Decl. �ℙ 29. |
| **Defendant's Reply:** | | |
| This fact is taken directly from Plaintiff's deposition, and Plaintiff lacks any grounds for disputing this fact. A party cannot create a genuine issue of fact by contradicting her own previous testimony. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). Furthermore, the evidence cited by Plaintiff does not dispute the proffered fact. There is no genuine or material dispute. | | |
| 79. | Plaintiff further alleges that, contrary to Maximus's established policies and practices, she was not provided her legally required 30-minute meal periods or 10-minute rest breaks.<br><br>First Amended Complaint ¶ 12. | Objection. Calls for a legal conclusion and speculation. Compound.<br><br>Undisputed as to Plaintiff's allegation that she was not provided her legally required 30-minute meal periods or 10-minute rest breaks. Disputed as to Maximus's established policies and practices.<br><br>Plaintiff was not provided all of her legally-required 30-minute meal periods and 10-minute rest breaks.<br><br>Barnes Decl. ⅋ 30. |

34

DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| **Defendant's Reply:** | | |
| Plaintiff's evidence is immaterial as it does not dispute the proffered fact that she is alleging that she was not provided compliant meal and rest breaks. There is no genuine or material dispute. | | |
| 80. | Plaintiff was required to record any deviations from her scheduled meal and rest breaks on an exception sheet. Pl. Depo. 81:9-25; 82:11-15. | Plaintiff was only required to record any deviations from her scheduled meal and rest breaks on Maximus' computer-generated exception sheet, not on her payroll timesheet. Barnes Decl. ¶ 31. |
| **Defendant's Reply:** | | |
| Plaintiff's evidence is immaterial as it does not dispute the proffered fact and in fact repeats the proffered fact. This fact is taken directly from Plaintiff's deposition, and Plaintiff lacks any grounds for disputing this fact. A party cannot create a genuine issue of fact by contradicting her own previous testimony. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). There is no genuine or material dispute. | | |
| 81. | She admitted that when she was unable to take a scheduled meal period, "that information is captured in the exception report that was required to submit on each occurrence." Pl. Depo. 83:19-84:1. | Objection. Vague and ambiguous as to the term "she". Undisputed. |

35

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| **Defendant's Reply:** | | |
| Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.* Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute. | | |
| 82. | Plaintiff would clock out for her scheduled meal period and take at least 30 minutes for her meal period.<br><br>Pl. Depo. 82:23-83:4 | **Undisputed.** |
| 83. | During her meal periods Plaintiff leaves her computer to handle personal matters or eat.<br><br>Pl. Depo. 83:5-18. | **Undisputed.** |
| 84. | Maximus maintained a mechanism to report those deviations and Plaintiff knew how to use it, and in fact submitted the exceptions.<br><br>Williams Dec. ¶ 10; Pl. Depo. 81:9-25; 82:9-15. | Objection. Vague and ambiguous as to the terms "mechanism", "deviations", and "exceptions". Compound. |

36

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| **Defendant's Reply:** | | |
| Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.*<br><br>Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute. | | |
| 85. | Plaintiff alleges that she incurred expenses for internet and electricity and used her own tools and equipment for which she was not reimbursed.<br><br>First Amended Complaint ¶ 14. | Objection. Compound.<br><br>Reimbursement for internet charges [sic] did not begin until around the first quarter of 2023.<br><br>Barnes Decl. ⁋ 32. |
| **Defendant's Reply:** | | |
| Plaintiff's evidence is immaterial as it does not dispute the proffered fact that she is alleging that she incurred business expenses for which she was not reimbursed. There is no genuine or material dispute. | | |
| 86. | While working for Maximus, Plaintiff purchased her own computer, as well as the related equipment, because she did not have one to use at home.<br><br>Pl. Depo. 70:24-71:5, 13-23; 72:10-24. | Objection. Compound. Disputed.<br><br>Once Plaintiff returned Maximus' computer and was given criteria for equipment approved to use in the phone center, she had to purchase a computer and equipment to meet Maximus' computer and accessory requirements as she had outdated computers at home that were NOT compliant and which were faulty.<br><br>Barnes Decl. ⁋ 33. |

37

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| **Defendant's Reply:** | | |
| This fact is taken directly from Plaintiff's deposition, and Plaintiff lacks any grounds for disputing this fact. A party cannot create a genuine issue of fact by contradicting her own previous testimony. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). Furthermore, the evidence cited by Plaintiff does not dispute the proffered fact. There is no genuine or material dispute. | | |
| 87. | Plaintiff used the computer for her own personal purposes while working for Maximus and still uses it at her home to this day.<br><br>Pl Depo. 72:25-73:21. | Objection. Compound. Vague and ambiguous as to the phrase "the computer". Disputed.<br><br>Plaintiff did not use the computer she purchased for work as she has several working computers in her home which she used for personal purposes.<br><br>Barnes Decl. ¶ 34. |
| **Defendant's Reply:** | | |
| This fact is taken directly from Plaintiff's deposition, and Plaintiff lacks any grounds for disputing this fact. A party cannot create a genuine issue of fact by contradicting her own previous testimony. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). Furthermore, the evidence cited by Plaintiff does not dispute the proffered fact. There is no genuine or material dispute. | | |
| 88. | Any computer purchase was for a device Plaintiff also used for personal purposes and continues to use, and the record reflects that Maximus provided Plaintiff with a laptop during her employment.<br><br>Pl. Depo. 70:9-17. | Objection. Compound. Disputed.<br><br>Plaintiff had other personal computers and tablets, cell phones in her home for personal use during her employment at Maximus, and only used those separate personal items for personal purposes.<br><br>Barnes Decl. ¶ 35. |
| **Defendant's Reply:** | | |
| This fact is taken directly from Plaintiff's deposition, and Plaintiff lacks any grounds for disputing this fact. A party cannot create a genuine issue of fact by contradicting her own previous testimony. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). Furthermore, the evidence cited by Plaintiff does not dispute the proffered fact. There is no genuine or material dispute. | | |
| 89. | Plaintiff automatically received monthly expense reimbursements | **Undisputed.** |

DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | for internet use for a portion of her employment.<br><br>Pl. Depo. 85:7-17. | |
| 90. | Prior to the automatic payments, Plaintiff did not submit any requests for the reimbursement of internet, electricity, or computer expenses.<br><br>Pl. Depo. 71:6-8; 76:24-77:2. | **Undisputed.** |
| 91. | Neither Mr. Allen nor the HR representatives who made the termination decision regarding the employees at the Health West Division Call Center were a managing agent, officer, or director of Maximus, and they lacked authority to set corporate policy for a substantial portion of the company. Mr. Allen managed Team Leaders and Customer Service Representatives at Maximus's California Health West Division Call Center. The HR representatives who made the termination decisions were responsible for ensure compliance with labor laws, maintaining employee records, and supporting Maximus's daily administrative HR functions.<br><br>Williams Dec. ¶ 19. | Objection. Compound. Calls for speculation. |

39

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|-----|--------------------------------------------------------------------------------|----------------------------------------------|
| **Defendant's Reply:** | | |
| Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.* | | |
| Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute. | | |
| 92. | Plaintiff has made no attempt to search for employment after her separation.<br><br>Pl. Depo. 16:23-25; 44:5-6; 47:19-23; 48:7-10. | Objection. Vague and ambiguous as to the term "separation". |
| **Defendant's Reply:** | | |
| Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.* | | |
| Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute. | | |
| 93. | Plaintiff has not been physically able to work and has not been released to work by a physician.<br><br>Pl. Depo. 16:15-17; 42:14-16; 47:24-48:2. | Objection. Compound. |

40

326570646v.2

| No. | Maximus Consulting Services Uncontroverted Material Facts & Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|---|
| | **Defendant's Reply:** Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.*<br><br>Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute. | |
| 94. | Plaintiff never sought counseling or therapy for emotional distress issues, and did not recall taking any medications for emotional distress since her employment with Maximus ended.<br><br>Pl. Depo. 20:14-20; 39:24-40:2; 40:12-14. | Objection. Compound. |
| | **Defendant's Reply:** Plaintiff's response in her Statement must set forth "all material facts as to which it is contended there exists a genuine dispute necessary to be litigated." L.R. 56-2. For every fact included in Maximus's Statement of Uncontroverted Facts, Plaintiff must indicate whether she "contends that a genuine dispute necessary to be litigated exists as to that fact" and provide pinpoint citations in support. *Id.*<br><br>Plaintiff's response to the foregoing uncontroverted material fact improperly consists of objections only, without indicating whether any genuine dispute exists or citing supporting evidence. L.R. 56-3 requires Maximus to respond only to any asserted genuine disputed fact. Accordingly, Maximus is unable to reply to Plaintiff's response. There is no genuine or material dispute. | |

41

326570646v.2

DATED:  June 18, 2026          SEYFARTH SHAW LLP

By:   */s/ Ryan McCoy*
    Ryan McCoy
    Reiko Furuta
Attorneys for Defendant
MAXIMUS CONSULTING SERVICES, INC.

42

DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

326570646v.2